Nov. Term,
1857.

KINSER *v.* THE STATE.

An information for retailing is fatally defective if it does not aver that the selling charged was not within any of the exceptions of the statute.

SIMPKINS
v.
MALATT.

APPEAL from the *Tippecanoe* Court of Common Pleas. PERKINS, J.—Information for retailing. Conviction and fine.

*Thursday, December 3.*

The information did not aver that the liquor was not sold for medicinal, &c., purposes.

This information was bad, according to the opinion of a majority of the judges in *Beebe* v. *The State*, 6 Ind. R. 501. It was there held, by three of the four judges, that the agency portion of the liquor law of 1855 was void; and that every person had a right to retail for the purposes specified in the exceptions to the statute.

Under this decision, it follows, according to *Brutton* v. *The State*, 4 Ind. R. 601, 602, 603, that the information was fatally defective in not negativing that the selling charged was within the exceptions in the statute.

*Per Curiam.*— The judgment is reversed. Cause remanded to be dismissed.

*E. H. Brackett* and *J. O'Brian*, for the appellant.

*D. P. Vinton, J. L. Miller* and *D. C. Chipman*, for the state.