PATRICK MEHAN, Plaintiff in Error,

*vs.*

THE STATE OF WISCONSIN, Defendant in Error.

ERROR TO THE RICHLAND CIRCUIT COURT.

On a trial for selling intoxicating liquors without license, the prosecution must produce presumptive evidence, at least, that the defendant had no license. The defendant is not bound to prove affirmatively, in the first instance that he had license.

The defendant was prosecuted before a justice of the peace of Richland county for selling intoxicating liquors without license. The defendant was convicted, and appealed to the circuit court, where he was also convicted.

The only point presented or decided, arose upon the instruction of the court to the jury, and involved the question whether the prosecution was bound to show, in any manner, that the defendant had no license, or whether on proof of the act of selling the defendant was bound to prove that he had license. The instruction excepted to is stated in the opinion of the court.

*Samuel Crawford,* for the plaintiff in error.

*G. Bouck,* Attorney General, for the State.

*By the Court,* SMITH J. This and three other cases of the same character came to this court through the appellate course of procedure from the judgment of a justice of the peace of Richland county, wherein the defendant was found guilty,

Mehan vs. The State of Wisconsin.

who took an appeal to the circuit court of the same county, wherein he was also found guilty, and judgment accordingly.

The only question arising in this case rests upon the following instruction given by the judge, to the jury, on the trial in the court below, viz : " That if the jury were satisfied that the said defendant sold intoxicating liquors of the kind mentioned in the complaint, to the person named therein, at or about the time stated in said complaint, it was their duty to render a verdict of guilty ;" to which instruction the defendant excepted.

The selling of intoxicating liquors has never yet been held to be a crime or offence *malum in se,* but wherever denounced, an act *malum prohibitum.*

Therefore it would seem that when there is an attempt to restrain the citizen from doing an act or pursuing a course which is not, in itself, *conceded* to be in violation of law, but only prohibited by the positive enactment of the government, the power which attempts to restrain should be bound to show that the subject of its restraint is within the scope of its prohibition.

Hence we are of the opinion that it was the duty of the prosecution in this case to show, by presumptive proof at least, that the defendant was not licensed to do the act, which by the common law he had a right to do.

It may possibly be that the prosecution on the trial in the court below did exhibit presumptive evidence that the defendant had, in fact, no license. But the charge of the court below is so broad and comprehensive that it might have tended to, and probably did, mislead the jury.

The judgment must therefore be reversed and the cause remanded.