## EDSON VS. HAYDEN.

*Sec. 4, ch. 95, R. S.—Right of wife to her own earnings—Construction of statute.*

In sec. 4, ch. 95, R. S., which provides that "any married woman whose husband, either from drunkenness, profligacy *or any other cause*, shall neglect or refuse to provide for her support, or the support and education of her children, shall have the right in her own name to transact business, and to receive and collect her own earnings," &c., the words "any other cause" must be understood of causes *ejusdem generis*, and do not include mere physical or mental incapacity.

APPEAL from the Circuit Court for *Columbia* County.

This action was brought by *Mary E. Edson* against the de-

fendant as treasurer of a school district, for the amount alleged to be unpaid on a school order drawn upon defendant by the clerk of said school district to pay for her services in teaching the district school.   One of the defenses was, that the plaintiff was a married woman, and not authorized to maintain the action.   The court having refused to receive any evidence in plaintiff's behalf, under the pleadings, to show the circumstances and character of the husband, the complaint was permitted to be amended so as to allege that at the times of her rendering the services mentioned, presenting the order for payment, and commencing the action, her husband was "a poor man, careless in the management of his business affairs, and of little or no tact or capacity for accumulating property, and was in debt to divers persons, and wholly unable to provide for his family, and that from these causes, as well as the high prices," &c., he neglected to provide for her support or the support and education of her children as their necessities required.   The plaintiff then introduced evidence (against the defendant's objection), the general effect of which is sufficiently stated in the opinion.   A motion for a nonsuit was granted, on the ground that there was no evidence that the plaintiff's husband, "from drunkenness, profligacy or any cause contemplated by sec. 4, ch. 95, R. S., refused or neglected to provide for her support or for the support and education of her children."   The plaintiff appealed.

G. W. Hazelton, for appellant, contended that the statute (sec.4, chap. 95, R. S.) was intended to reach all cases where the husband, from any cause, either refuses or neglects to provide for his wife and children ; and that the word "neglect" does not imply wilful wrong-doing, but covers every case of omission or failure to perform a legal obligation ; citing Webster's Dic., sub voce; 2 Chitty's Pl., 124–5, 142, 147, &c ; and for the uniform use of the word in the R. S., ch. 13, sec. 90 ; ch. 14, sec. 6 ; ch. 15, secs. 5, 8, 48, 51; ch. 19, secs. 39, 47, 52 ; ch. 23, secs. 87, 88, 89, 90, 93 ; ch. 28, sec. 30.   He also contended

that the court erred in refusing to receive evidence of the husband's neglect to provide, &c., under the original complaint.

*Cook & Chapin*, for respondent, as to the rule of construction, cited *Sandiman v. Breach*, 7 B. & C., 96 ; *Peate v. Dicken*, 1 Cromp., Mees. & R., 422 ; *Rex v. Inhabitants of Whitnash*, 7 B. & C., 596 ; *Queen v. Nevill*, 8 Q. B., 452 ; Ld. Raym., 663 ; Hobart, 74 ; Dyer, 240 ; *Doe v. Meyrick*, 2 Cromp. & J., 223; *Jackson v. Stevens*, 16 Johns., 110 ; *Whallon v. Kaufman*, 19 id., 97 ; *Jackson v. Stackhouse*, 1 Cow., 122 ; *Lyman v. Clarke*, 9 Mass., 235 ; *Rich v. Lord*, 18 Pick., 325 ; *McIntyre v. Williamson*, 1 Edw. Ch., 34 ; *Mills v. Catlin*, 22 Vt., 98 ; *Tanner v. Billings*, 18 Wis., 163.

DOWNER, J. Does the evidence bring this case within the provisions of sec. 4, ch. 95 of the R. S., which provides that " any married woman whose husband, either from drunkenness, profligacy or any other cause, shall neglect or refuse to provide for her support or the support and education of her children, shall have the right in her own name to transact business, and to receive and collect her own earnings, and the earnings of her own minor children," and to apply the same, &c., free from the control of her husband ? The husband is not proved to be lazy, indolent or vicious. The evidence shows that he is a laboring man ; that he works by the day, sometimes on a farm and sometimes in a stone quarry, and sometimes takes land to work ; and that he is a careless manager, and was in debt and unable to supply the necessary wants of his wife. The counsel for the appellant contends that in such case the statute applies, and the wife has a right, uncontrolled by the husband, to receive her own earnings. He takes the ground that the words " *any other cause*," in the statute, are broad enough to embrace every case where, for any reason, the husband does not furnish his wife with food and raiment and all the necessaries of life. If this be so, then every poor and virtuous man who may be sick, or for any cause unable to work

and provide his wife and minor children with necessaries, may be deprived entirely of their services, and of all control over them. It appears to us that the words " or from any other cause," following " drunkenness, profligacy," must be limited to vices *ejusdem generis*, or to conduct tending to the same result. Mere poverty, sickness, intellectual inferiority or physical inability of the husband, without being caused by vice, are not alone sufficient to enable the wife to act as a *feme sole*, or bring her within the provisions of section four. It may be that laziness, idleness or indolence would. A similar construction is often given to *general* words following particular ones in statutes and in contracts.

*By the Court.*—The judgment of the circuit court is affirmed.