Jensen vs. The State.

JENSEN VS. THE STATE.

*April 17 — May 15, 1884.*

CRIMINAL LAW: PLEADING. *(1) Exceptions in statute must be negatived. (2) Selling liquor on Sunday: who prohibited.*

1. A complaint which charges an offense under a statute, but does not negative the exception laid down in the statute, or set out fully the circumstances under which the act was committed, so as to

show that it did not come under such exception, is insufficient. Thus, to charge an offense under sec. 4595, R. S., the complaint must show that the work done was not "a work of necessity or charity."

2. Sec. 1564, R. S., provides that "if any *tavern keeper or other person* shall sell" intoxicating liquors on Sunday, he shall be guilty of a misdemeanor, etc. *Held*, that a "tavern keeper," within the meaning of the act, is a person whose business, in part at least, is to sell such liquors, and the words "or other person" must refer to a similar class of persons, and include, therefore, only those engaged in the business of selling liquors.

ERROR to the Circuit Court for *Racine* County.

The case is stated in the opinion.

For the plaintiff in error there was a brief by *S. & A. S. Ritchie*, and oral argument by *Mr. A. S. Ritchie*. They argued, among other things, that sec. 1564 was intended to apply to a class, to wit, "tavern keepers" and persons in the like occupation or business; otherwise it would have read, "If any person," etc. The word "tavern," in this connection, means "a house for the retailing of liquors to be drank on the spot." Burrill's Law Dict.; Bouvier's Law Dict.; Webster's Dict.; *Bode v. State*, 7 Gill, 326. The principle of *noscitur a sociis* is especially applicable to Lord's day acts. 2 Bish. Cr. Law, § 957; Bish. Stat. Cr., § 245: Shepard's Wis. Digest, tit. MAXIMS, *Noscitur a sociis*.

*H. W. Chynoweth*, Assistant Attorney General, for the defendant in error, cited: *Gray v. Comm.*, 35 Am. Dec., 136 and note; *State v. Chamblyss*, 34 id., 593; *Comm. v. Harrison*, 11 Gray, 310; *Comm. v. Trickey*, 13 Allen, 559.

TAYLOR, J. The plaintiff in error was arrested upon a warrant issued by a justice of the peace upon the following complaint:

"*Racine County, City of Racine — In Justice Court:* W. A. Wells, of said county, being duly sworn and examined on oath by and before Clarence Snyder, a justice of the

peace of said county, makes complaint and says that *Christian Jensen* did, on the 2d day of September, A. D. 1883, at the city of Racine, in said county, sell intoxicating liquor, the said 2d day of September, A. D. 1883, being the first day of the week, commonly called Sunday, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin, and prays that the said *Christian Jensen* may be arrested and dealt with according to law.

[Signed] "W. A. WELLS.

"Subscribed and sworn to before me this 4th day of September, 1883. CLARENCE SNYDER, Justice of the Peace."

Upon the trial before the justice the defendant moved the court to dismiss the complaint on the ground that it did not charge him with any offense. The objection was overruled and defendant convicted. He then appealed to the circuit court. In that court he renewed his objections to the sufficiency of the complaint. His objections were again overruled and exceptions were properly taken. Upon trial he was again convicted in that court.

Upon the hearing in this court the plaintiff assigns as error that the complaint is insufficient and does not set out any offense under the laws of this state. It is not claimed by the attorney general that the complaint states an offense unless it states an offense either under sec. 1564 or sec. 4595, R. S. 1878. By a well-established rule of pleading in criminal actions, the complaint was insufficient to charge an offense under said sec. 4595, because it does not negative the exception in the statute, viz., that the selling of the intoxicating liquor, as stated in the complaint, was not "a work of necessity or charity." The allegation in the complaint is the simple statement that the accused sold intoxicating liquor on Sunday, without setting out any of the circumstances under which the sale was made, or the person or persons to whom sold. The allegations of the complaint

would have been fully proved by evidence showing that a druggist had sold the liquor upon the prescription of a physician, or that it was sold under any other circumstances which would take the sale out of both the letter and spirit of the section above quoted. Such a complaint is clearly insufficient. See 1 Bishop's Crim. Proc., § 636; *State v. Barker*, 18 Vt., 195; *Comm. v. Maxwell*, 2 Pick., 139; *Elkins v. State*, 13 Ga., 435; *Howe v. State*, 10 Ind., 423; *Brutton v. State*, 4 Ind., 601; *Kinser v. State*, 9 Ind., 543; *Mehan v. State*, 7 Wis., 670; *State v. Downer*, 21 Wis., 274.

It only remains to inquire whether the complaint is sufficient to charge an offense under sec. 1564, R. S. This section reads as follows: "If any tavern keeper or other person shall sell, give away, or barter any intoxicating liquors on the first day of the week, commonly called Sunday, or on the day of the annual town meeting, or the annual fall election, such tavern keeper or other person so offending shall be deemed guilty of a misdemeanor," etc.

In order to give a proper construction to this section of the statute, it is necessary to trace its history, and learn, if we can, the evils which were intended to be remedied or at least modified by its enactment. This section was first enacted as a law of this state as ch. 115, Laws of 1859, and was amended so as to assume the shape in which it now remains as sec. 1564, R. S. 1878, by ch. 278, Laws of 1861. As first enacted, it prohibited the sale of intoxicating liquors on election or town-meeting days "at the place of" such elections or town meetings, and simply imposed a fine of not exceeding five dollars. In 1861 it was amended by ch. 278, Laws of 1861, to read as it now does. At the time ch. 115, Laws of 1859, was enacted, and when it was amended in 1861, sec. 5, ch. 35, R. S. 1858, provided for the punishment of any person who should vend, sell, or in any way deal or traffic in, or, for the purpose of evading said chapter, give away, any spirituous, ardent, or intoxicating

liquors or drinks in any quantity whatsoever, without first having obtained a license therefor according to the provisions of said chapter, by a fine not less than ten nor more than forty dollars, and costs of suit, or by imprisonment in the county jail for the space of sixty days, unless the fine, costs, and jail fees were sooner paid. This section also declared the offense a misdemeanor. Sec. 5, ch. 183, R. S. 1858, is substantially the same as sec. 4595, R. S. 1878, except that the punishment for the offense was limited to a fine not exceeding two dollars for each offense, instead of ten dollars, as prescribed by said sec. 4595. Before and at the time sec. 1564 was enacted in its present form, in 1861, no person was authorized by law to sell intoxicating liquors' either on election day, town-meeting day, or on Sundays, unless he had first obtained a license under the provisions of ch. 35, R. S. 1858; and every person who sold intoxicating liquors on either of said days, not having obtained a license as provided by said ch. 35, was guilty of a misdemeanor, and, upon conviction thereof, subject to punishment by fine of not less than ten or more than forty dollars, and costs of prosecution. And the penalty for the licensed person for selling on Sunday was limited to two dollars by sec. 5, ch. 183, R. S. 1858, with full liberty to sell on election and town-meeting days.

In this condition of the law, ch. 115, Laws of 1859, was enacted, and amended by ch. 278, Laws of 1861, so as to take its present form. The evil to be suppressed, or at least mitigated, by the enactment of this law, was the drunkenness and general disorder which resulted from the unrestricted sale of intoxicating liquors on election days and town-meeting days, which tended to the corruption of the elections held on such days, and which on Sundays disturbed the peace, quiet, and good order which ought to characterize that day.

All unlicensed persons were already prohibited from sell-

ing intoxicating liquors on such days, under a much greater penalty than that imposed by the law of 1859, as amended by the law of 1861. · It would seem to follow, therefore, that the new law must have been aimed at those persons who were theretofore either authorized to sell on such days, or only restrained from selling by a statute inflicting a less punishment than the one imposed by the new enactment. Although the language of the statute is very general, yet, when considered in the light of the circumstances under which it was enacted, and the peculiar language used, it is evident that it was intended to apply only to those whose business it was to sell intoxicating liquors. The words are: "If any tavern keeper or other person shall," etc. The words "tavern keeper" indicate very clearly the class of persons against whom the act was aimed, and the general words "other persons" must, under the familiar rule, *noscitur a sociis*, be taken to mean a similar class of persons, and not be extended so as to include all persons. *Morse v. B. F. & M. Ins. Co.*, 30 Wis., 534; *Edson v. Hayden*, 20 Wis., 682; *Bevitt v. Crandall*, 19 Wis., 581; *State, on complaint of Kennedy, v. McGarry*, 21 Wis., 496; *Att'y Gen. v. Railroad Companies*, 35 Wis., 519; *Wis. Cen. R. R. Co. v. Smith*, 52 Wis., 144; *Wicker v. Comstock*, 52 Wis., 316. The words "tavern keeper," as used in this statute, clearly mean a person, a part, at least, of whose business is to sell intoxicating liquors; and, applying the rule above quoted, the words "other persons" must be held to mean persons whose business, either in whole or in part, is to sell such drinks.

Probably the better construction of the act would be to limit it to persons who were by law authorized to sell such intoxicating liquors as a business, in view of the fact that the unlicensed vendor of such articles on the days named in the act, is punished more severely under other provisions of law than under this section. As a general rule, a statute will not be so construed as to inflict two punishments for

the same act. The legislature may have the power to authorize the infliction of two punishments for the same act, but the courts will not give such a construction to a legislative enactment, unless no other reasonable construction can be given to it.

In this case it is not necessary to determine whether the act in question should be restricted to persons licensed to sell intoxicating liquors. We hold that it is clear that the statute does not include all persons within its provisions, but only such as are tavern keepers or persons who are engaged in the business of selling liquors. And as the complaint does not allege that the plaintiff in error was engaged in and carried on the business of selling such liquors at the time he is charged with selling on Sunday, it does not state an offense under the statute. The complaint should have been dismissed, on motion, in the justice's court, and also upon the similar motion in the circuit court.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with directions to that court to dismiss the complaint and discharge the accused.