**STATE, Plaintiff-Appellee, v. GULLION, Defendant-Appellant.**

Common Pleas Court, Franklin County.

No. 193502.  Decided December 1, 1955.

City Atty, for plaintiff.
R. Brooke Alloway, Isadore Topper, Columbus, for defendant.

## OPINION

By DRAPER, J.

HEARD ON APPEAL FROM THE MUNICIPAL COURT OF COLUMBUS, OHIO

Defendant-appellant was adjudged guilty of a violation of §4399.16 **R. C.** at a trial in the Municipal Court of Columbus, Ohio, and an appeal

was perfected by him to this court. Defendant made several assignments of error, but the question that is dispositive of the case on appeal is this:

"Does defendant fall within the classification of 'tavern keeper' within the meaning of §4399.16 R. C., so as to be chargeable with a violation of that statute?"

Sec. 4399.16 R. C. reads as follows:

"No tavern keeper shall permit rioting, reveling, intoxication, or drunkenness in his house or on his premises."

Counsel for the State and for defendant agree, and the record shows, that on June 18, 1955, the defendant was the manager of the Fifth and Main Tavern, Columbus, Ohio, and was in charge of the premises, in the absence of the owner, one David Lerner.

Inspectors of the Department of Liquor Control on June 18, 1955, found three men in the bar whom testimony indicated to be intoxicated, and it was on this basis that the charge was filed and trial had in the Municipal Court.

In their appeal briefs counsel have not cited any cases construing the statute in question, and the court in its own research has found none. Reference has been made by counsel to various cases construing the words "tavern keeper" and "keeper," and it is on this point that the case turns.

Sec. 4399.16 R. C. presently is to be found in Title 43, Liquor, Chapter 4399, Prohibitory Provisions and Crimes, as a result of the recodification of 1953. This section was not originally a part of the Liquor Control Act and has not become so by reason of the recodification. Throughout much of its long history, this section, with its predecessors, has been found in the criminal section of the code. It is certain that the section is criminal in nature, and is to be strictly construed.

While it would be straining the statute to consider it as being technically in pari materia with its fellow statutes in Chapter 4399, R. C., yet it is significant that the language of these other statutes is substantially different. Of the statutes §§4399.09 through 4399.17 R. C., each of which, save §4399.12 R. C. dealing with other matters, defines an offense punishable under the various branches of §4399.99, it is noteworthy that all except the instant statute begin with the words "No person * * *."

Sec. 4399.16 R. C., as noted supra, begins with the words "No tavern keeper * * *." It is apparent that the reviser of the code recognized and appreciated the distinction, and preserved it.

The obvious intent of the Legislature was to limit the crime to a certain class of persons, i. e., tavern keepers. There is a dearth of authority on what constitutes a tavern keeper, and no authority construing the phrase has been discovered with respect to the particular statute involved here.

In Curtis v. State, 5 Ohio 324, the syllabus reads:

"A person who makes it a business to keep a house of entertainment for travelers, is a tavern-keeper within the statute, although he has no liquor in his house, for any purpose." (Emphasis added.)

In Hirn v. State, 1 Oh St 15, at page 19:

"The term tavern-keeper has for many years past been understood

to import a person licensed to retail liquor at a house kept by him for public entertainment." (Emphasis added.)

In 41 Words and Phrases, p. 113, we find several definitions of "tavern keeper":

"A tavern keeper is one who obtains a license to keep a tavern and for whom it is kept, though another person as his agent may actually keep it. Commonwealth v. Burns, 27 Ky. (4 J. J. Marsh.) 177, 181." (Emphasis added.)

" 'Tavern keeper' is synonymous with 'innkeeper'. It means a person who makes it his business to entertain travelers and passengers, and provide lodging and necessaries for them and their horses and attendants. Commonwealth v. Shortridge, 26 Ky. (3 J. J. Marsh.) 638, 640." (Emphasis added.)

"The word 'tavern keeper', as used in Rev. St. S. 1564, * * * means a person a part at least of whose business is to sell intoxicating liquors. Jensen v. State, 19 N. W. 374, 375, 60 Wis. 577." (Emphasis added.)

"* * * A person who makes it his business * * *. The Town of Crown Point v. Warner, N. Y., 3 Hill, 150, 156." (Emphasis added.)

On the other hand, we read in the brief of the plaintiff-appellee the following language:

"Plaintiff-appellee contends that defendant is a tavern keeper within the construction of §4399.16 R. C.

"The early Ohio case of Schultz v. State, reported in 32 Oh St 276 seems to be one of the only cases that the word 'keeper' has been interpreted. The Supreme Court, through Judge Day, at page 281 of this decision said:

'The word "keeper" is defined to be one who has the care, custody, or superintendence of anything; as the keeper of a part, a pound, a gate, a prison, and (in the English Law) keeper of a forest, great seal, and privy seal. The word, therefore, does not necessarily mean ownership, but, while it may include an owner, it also embraces one who has the possession and control of a place, thing, or business.'

"The term keeper does not include a mere clerk or servant without managerial authority. State v. Berry 13 C. C. (N. S.) 206, 22 C. D. 250.

"A person may be convicted as the 'keeper' of a place without evidence that he is the owner or lessee. If he controls and manages it, he is presumed to be the keeper unless he proves that he is a mere employe. Belle Centre v. Welsh, 11 Dec. Rep. 41."

The Schultz case, 32 Oh St 276, is admittedly persuasive, the more so since it construes the word "keeper" in a statute which deals with the subject of liquor and indeed at one time was the statute next adjoining an ancestor of the instant statute. However, persuasive as is this case, we do not feel that it is controlling. The definition of the bare word "keeper" in the Schultz case is one which we can accept in that case and still regard as not inconsistent with a different construction of the phrase "tavern keeper", just as the words "book" and "keeper" separately used may well summon to the mind different concepts than when used in conjunction in the word "bookkeeper."

The Berry case, 13 C. C. (N. S.) 206, is frankly bottomed on the Schultz case, and involves a corrollary of the rule in that case. See page 208:

"This stipulation in connection with the other evidence brings the case within the dictum of Judge Day in **Schultz v. State, 32 Oh St,** on page 276, in which it is intimated, if not asserted, that the term 'keeper' does not include a mere clerk or servant without managerial authority."

The defendant Killeen, a bartender in Berry's place, was held to be not subject to an information charging a violation of §6942 **R. S.** in keeping a place where intoxicating liquors were sold in violation of law, even though Killeen actually made the sales shown in evidence, because it appeared that the owner of the place was present and in control at the time. Had the Court been required to find other and better grounds, we feel it could have done so.

The Welsh case we construe as more detrimental to the State's case than helpful. On page 44, the last paragraph reads:

"It is further contended that the defendant was not the 'keeper' of the place, because there was no evidence that he was the owner or lessee of such place. There is evidence, however, that he had the custody, care, control, and management of the place and business. **From such evidence a presumption arises that he was the 'keeper' of the place. If he was acting as a mere clerk, that is a matter of defense for him to set up. No such claim was made upon the trial.** I am unable to see any error in the proceedings before the mayor. The motion for leave to file a petition in error is therefore overruled." (Emphasis added.)

Chanock v. United States, 267 F. 612, D. C., 1920, is an interesting case which involved a bookkeeper and clerk in a hotel. It is, of course, well established that "hotel keeper," "innkeeper" and "tavern keeper" are synonymous with regard to our purpose here. The pertinent language is as follows:

"It appears that defendant was bookkeeper and clerk in the Dewey Hotel, in this city. One Arnold, with his wife and daughter, registered at the hotel as guests. Arnold gave defendant two envelopes, containing securities and money, to be placed in the hotel safe. During the following night defendant opened the safe, took the securities and all of the money but $10 from the envelopes, and absconded. When arrested, the property was found in his possession.

"The judgment is challenged chiefly upon the ground that the indictment charged larceny, while the proof established embezzlement. Section 837 of the District Code provides:

" 'Any person intrusted with anything of value, to be carried for hire, or being an innkeeper and intrusted by his guest with anything of value for safe-keping who fraudulently converts the same to his own use, shall be deemed guilty of embezzlement and punished as provided in section eight hundred and thirty-four.'

"Section 834 relates to 'embezzlement by agent, attorney, clerk, or servant.' Defendant occupied none of these relations to Arnold, nor was he an innkeper, as defined in section 837. He was a mere employe of the hotel."

A studied consideration of the cases cited and the arguments made lead this Court to the conclusion that "tavern keeper" within the meaning of §4399.16 **R. C.** is a technical, restricted word, which refers to the

owner of a tavern business and not to a mere employee, even though he exercise certain managerial functions.

Indeed, it is a question whether even the owner of an establishment of the present day "bar and grill" type of establishment is within the concept of "tavern keeper," but this question is not before the court.

The court is well aware of the desirability of a statute designed to forbid appropriate persons from permitting rioting, reveling, intoxication, or drunkenness on the premises of a permit holder. Sec. 4399.14 R. C. might well provide the guide for drafting such a statute, for it reads:

"No person who is the proprietor of any public dance hall, or who manages, or is in charge * * *." (Emphasis added.)

If the Legislature in its wisdom seeks to accomplish such a purpose, it has the means available; but it is the Legislature alone which can create the offense, and for the Court to create the offense by construction of the statute as the Municipal Court construed it, would be a clear invasion of the exclusive province of the Legislature, as well as an infringement of the rights of the present defendant.

Because of the already extended length of this opinion, made necessary by the lack of reported cases on the matter, the Court has not examined the corollary problems of the distinction between an owner of a business and his manager, of matters in the nature of an estoppel to deny that one is a tavern keeper, or the criminal answerability of the tavern keeper for the acts of his agents or employees.

The judgment of the Municipal Court is reversed, and case dismissed.