WAYLAND UNIVERSITY VS. BOORMAN.

56 657
74 397

*January 9 — January 30, 1883.*

PLEADING: CORPORATION: PROMISSORY NOTE. *(1) Authority to purchase note. (2) Evidence of assignment before due. (3) When evidence of parol conditions inadmissible.*

1. A complaint alleging the authority of the plaintiff corporation "to hold, acquire and dispose of real and personal property for the uses and purposes of said corporation" (the statute conferring such authority being properly pleaded), and that a note was duly assigned to it by the payee, "for the uses and purposes of such plaintiff," is *held*, on demurrer, to show sufficiently that the plaintiff was legally competent to take a transfer of such note.

2. In an action upon a promissory note, by an indorsee, the production of the note duly indorsed to the plaintiff is *prima facie* proof of the assignment thereof to him before due and for a valuable consideration.

3. In such case evidence that the note was given upon parol contemporaneous conditions rendering it void in certain contingencies, is inadmissible.

APPEAL from the Circuit Court for *Winnebago* County.

Action on a promissory note in the usual form, in and by which the defendant, for value received, promised to pay to the order of the University of Chicago $1,000 ten years after date, with seven per cent. interest. The note bears date August 20, 1869. The complaint alleges the due incorporation of the payee of the note, and the plaintiff, by the legislatures of Illinois and Wisconsin, respectively, and the authority of each corporation under its charter to acquire, receive, and hold real and personal property for the uses and purposes of the corporation. It also alleges that the defendant gave the note in suit to the University of Chicago for the uses and purposes thereof, and that such university afterwards, for a valuable consideration, and before said note became due, duly indorsed and transferred the same to the plaintiff for the uses and purposes of the plaintiff. The de-

fendant interposed a general demurrer to the complaint, which the court overruled, whereupon the defendant answered.

None of the above averments are denied in the answer of the defendant, except it is denied therein "that the plaintiff is the real party in interest as the owner and holder of said note for a valuable consideration paid before said note became due, or is an innocent holder thereof for value." The defense set up in the answer is that the note was given for a scholarship in the University of Chicago upon the express condition that the defendant should be entitled to all of the educational advantages of that institution for one person until the note became due, and perpetually thereafter, and that the note should not be payable until the university should issue to him such perpetual scholarship. And further, that if the university "should at any time between the date and maturity of said note fail or refuse to give this defendant the right to send such student, or should fail or refuse to issue and deliver to him, at the time said note became due, such scholarship, then such note should be null and void." The answer also avers a breach of the above conditions by the University of Chicago, and the plaintiff's knowledge of such breach when it received the note, and that the note is null and void because of such breach.

On the trial the plaintiff introduced the note in suit, and rested. The defendant thereupon moved for a nonsuit, because the plaintiff had failed to prove, as alleged in the complaint, that the note was indorsed to it in due course of business, before maturity thereof. The motion was denied.

The defendant offered parol testimony tending to prove that the note was given upon the conditions stated in the answer, and breaches of those conditions. The court rejected the testimony. The defendant offered no further testimony. The court thereupon directed the jury to find for the plaintiff, and to assess the damages at the amount due

on the note by its terms; which they accordingly did. A motion for a new trial was denied, and judgment entered for the plaintiff pursuant to the verdict. The defendant appealed from the judgment.

For the appellant the cause was submitted on the brief of *D. H. Sumner*, as attorney, and *J. V. V. Platto*, of counsel. To the point that the attempted purchase of the note by the plaintiff was *ultra vires*, and, having acquired no title, it could not maintain the action, they cited: *M., W. & M. P. R. Co. v. W. & P. P. R. Co.*, 7 Wis., 59; *Rock River Bank v. Sherwood*, 10 id., 230; *Frye v. Bank of Illinois*, 10 Ill., 332; *Bissell v. M. S. and N. I. Railroad Companies*, 22 N. Y., 258; R. S., sec. 2021; *Pratt v. Short*, 79 N. Y., 437; *Pratt v. Eaton*, id., 449; *Tracy v. Talmage*, 18 Barb., 462; *F. & M. Bank v. Baldwin*, 23 Minn., 198; *F. N. Bank v. Pierson*, 24 id., 140; R. S., sec. 2605; *N. P. Bank v. Porter*, 125 Mass., 333.

For the respondent there was a brief by *E. P. Smith, Nath. Pereles & Sons*, and oral argument by *Mr. Smith*.

LYON, J. 1. The ground of the demurrer to the complaint seems to have been that it is not alleged therein that the plaintiff, by virtue of its charter, has authority to acquire promissory notes in the course of business. The same point was raised on the trial by an objection to the admission of any evidence under the complaint, because of such alleged omission. We think the point is not well taken. The complaint avers the authority of the plaintiff "to hold, acquire, and dispose of real and personal property for the uses and purposes of said corporation," and the statute which confers those powers upon it is properly pleaded. P. & L. Laws of 1855, ch. 28. It is also alleged in the complaint that the payee of the note duly assigned it to the plaintiff "for the uses and purposes of said plaintiff." These averments (which are not denied) sufficiently show that the

plaintiff was legally competent to take a transfer of the note, for the note is personal property, within the meaning of the plaintiff's charter. R. S. 1858, ch. 5, sec. 1, subd. 14; R. S., 1147, sec. 4972, subd. 3. We think the complaint states a cause of action.

2. The motion for a nonsuit was properly denied. While, perhaps, it was incumbent upon the plaintiff to prove that it took the assignment or transfer of the note before due and paid a valuable consideration therefor, yet when it produced the note at the trial duly indorsed to it, the plaintiff thereby made *prima facie* proof of those facts, thus casting upon the defendant the burden of disproving them if he could. 1 Edw. on Bills and Notes, § 377, and cases cited in notes.

3. The testimony offered by the defendant to prove that the note was given upon the parol contemporaneous conditions alleged in the answer was properly rejected. Such evidence is clearly inadmissible under all of the authorities. *Hubbard v. Marshall*, 50 Wis., 322, and cases cited.

The argument of the learned counsel for the defendant was confined to the first of the above points, but the other points are in the case, and we have thought best to pass upon them.

*By the Court.*— Judgment affirmed.