Kliefoth vs. The Northwestern Iron Co.

KLIEFOTH, Respondent, vs. THE NORTHWESTERN IRON COM-
PANY, Appellant.

*February 8 — March 1, 1898.*

*Master and servant: Negligence: Employment of incompetent servant:
Injury to fellow-servant.*

The complaint stated that the defendant employed an incompetent
servant to take charge of boilers and engines in its blast furnace,
and that plaintiff was injured by a negligent act of such servant
in the line of his duty. *Held:*

(1) That the mere allegation that the servant performed a par-
ticular act negligently, and plaintiff was thereby injured, failed
to show that the alleged negligence of the master in employing
the incompetent servant was the cause of the plaintiff's injury.

(2) That the employment of an incompetent servant does not
render the master liable to a fellow-servant for an injury to him
caused by some negligent act of such incompetent servant, unless
the injury is the result of such incompetence. If the injury be
the result of a mere act of negligence of the incompetent servant,

Kliefoth vs. The Northwestern Iron Co.

it comes within the rule that the master is not liable to an employee for an injury caused by the negligence of a co-employee in the same business.

(3) That to render mere negligence incompetence, there must be something more than mere failure of duty as to a particular act. There must be actual incompetency to do the work properly, either for want of physical or mental ability, or want of that mental balance and self-control that enables one reasonably to bring into use, with an ordinary degree of success, his intelligence and experience.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Reversed.*

Action for personal injuries. The complaint, omitting formal allegations, is in substance as follows: On the 21st day of December, 1895, the defendant had a totally incompetent employee by the name of Arndt, engaged as an engineer in charge of the engines and boilers in its blast furnace, with knowledge of such incompetence. On the same day plaintiff, while also in the employ of the defendant, without fault on his part, by reason of wilful negligence and careless acts of said Arndt in turning on the steam to a boiler in which plaintiff was at work in the usual course of his employment, was badly burned, scalded, and injured, externally and internally, whereby he was made to suffer great pain and inconvenience, and to expend large sums of money for doctors' bills and nursing, and contract obligations for such purposes, notwithstanding which he has not been wholly cured of his injuries, and they are to some extent of a permanent character. The compensation demanded is $20,000. The answer admitted the injury and the manner in which it was caused, but denied that Arndt was incompetent or that the injury was caused by his negligence or carelessness. The answer also put in issue the alleged extent of the injury and damage.

At the commencement of the trial defendant's counsel ob-

jected to any evidence under the complaint, which objection was overruled and due exception taken thereto. The trial resulted in a special verdict, by which the jury found, among other things, that negligence of the defendant or its servants was the proximate cause of plaintiff's injury; that Arndt was incompetent; that plaintiff's place to work was not reasonably safe, and that the act of turning on the steam to the boiler in which plaintiff was working was the result of the carelessness of the defendant or its servants. The damages were assessed at $5,300. There was a motion to set aside the verdict and for a new trial, among other things, on the exception to the overruling of the demurrer *ore tenus.* Defendant appealed from the judgment.

*C. H. Van Alstine,* of counsel, for the appellant.

For the respondent there was a brief by *Malone & Bachhuber* and *Lawrence & Lamoreux,* and oral argument by *J. E. Malone.* They contended, *inter alia,* that it was the duty of the engineer in charge of the boilers to notify any person in them, when he was going to turn on the steam, that it would make the place in which they were at work dangerous or unsafe; and the negligence of the engineer in making such place unsafe was negligence of the master. *Brabbits v. C. & N. W. R. Co.* 38 Wis. 289; *Smith v. C., M. & St. P. R. Co.* 42 id. 520; *Dorsey v. Phillips & C. Const. Co.* id. 585; *Wedgwood v. C. & N. W. R. Co.* 44 id. 44; *Stetler v. C. & N. W. R. Co.* 46 id. 497; *Bessex v. C. & N. W. R. Co.* 45 id. 477; *Hulehan v. G. B., W. & St. P. R. Co.* 68 id. 520. A master, who hires an unskilful and ignorant man, knowing him to be such, and places him in charge of machinery, unnecessarily enhances the usual risks of those employed about it, and is liable for injuries caused to servants employed about such machinery, or in places made dangerous by the incompetent servant hired, as the act of the master in hiring such unskilful servant makes the place where his other servants have to work unsafe and dangerous, and increases the

usual risk of their employment. Wood, Master & S. §§ 345, 348; 4 Wait, Act. & Def. 417; *Coombs v. New Bedford Cordage Co.* 102 Mass. 572; *Chicago & N. W. R. Co. v. Jackson*, 55 Ill. 492; *Columbus & I. C. R. Co. v. Arnold*, 31 Ind. 175; *Keegan v. Kavanaugh*, 62 Mo. 230; *Strahlendorf v. Rosenthal*, 30 Wis. 674; *Laning v. N. Y. C. R. Co.* 49 N. Y. 521; *Flike v. B. & A. R. Co.* 53 id. 549; *Corcoran v. Holbrook*, 59 id. 517; *Ford v. Fitchburg R. Co.* 110 Mass. 240; *Matthews v. Bull*, 47 Pac. Rep. 773.

MARSHALL, J. As we view this case, the decision of the question raised by the exception to the ruling of the trial court on the sufficiency of the complaint is decisive of the appeal. The only negligence of the defendant alleged, is that of knowingly placing one Arndt, an incompetent person for the work, in charge of the engines and boilers in its blast furnace, where such plaintiff and servant were co-employees. That is followed by an allegation that the injury to the plaintiff was caused by the wilful negligence and carelessness of said Arndt. Without the allegation of incompetence, it could not seriously be contended but that the complaint sets forth clearly a case of injury to an employee by the negligence of a fellow-servant, which, under one of the most familiar rules of the law of negligence, is *damnum absque injuria*. *Hoth v. Peters*, 55 Wis. 405; *Heine v. C. & N. W. R. Co.* 58 Wis. 528; *Pease v. C. & N. W. R. Co.* 61 Wis. 163. So the effect of the allegations contained in the complaint is to charge negligence of the master without charging that such negligence caused the injury complained of, unless it can be said that there is a sufficient connection between the charge of negligence of the master in that it employed an incompetent servant, and the charge that such servant, through his negligence and carelessness, caused the injury to plaintiff, to leave room for a reasonable inference that such negligence and carelessness was attributable to the

incompetency alleged. If the master knowingly, or through want of ordinary care, employs or retains in his employ an incompetent·employee, he is liable to a co-employee for any injury received by the latter in the common employment, provided such incompetency be the proximate cause of the injury. But however incompetent such servant may be, unless the essential causal relation exists between it and the injury necessary to actionable negligence, the master is not liable. So here, if the injury to the plaintiff is attributable to the negligence of Arndt, it does not reach back further, so as to connect with the alleged negligence of the defendant in employing Arndt, but stops with the negligent servant as the real producing or efficient cause, unless the mere act of negligence comes within the scope of the term *incompetence.*

In reaching the conclusion here, full effect is given to the very liberal rule for the construction of pleadings, that prevails under our system, stated in the recent case of *Miller v. Bayer,* 94 Wis. 123, in substance, thus: In determining whether a complaint states a cause of action the question is not whether the plaintiff used the most appropriate language in stating his case, but whether the language used will permit a construction which will sustain the pleading, and to that end such effect should be given to its allegations as will support rather than defeat it, if that can be done without adding, by way of construction, material words not necessarily implied, or giving to the language used a meaning that cannot be reasonably attributed to it.

In applying the foregoing rule it is important to look to the meaning of the words "incompetent" and "negligent," as ordinarily understood. The former means, want of ability for the purpose (Stand. Dict.); not adequate, sufficient, fit, suitable, or capable (Webst. Dict.). The latter means, careless, heedless, liability to omit what ought to be done, want of attention (Stand. Dict.); habitually omitting, care-

Kliefoth vs. The Northwestern Iron Co.

less, heedless, neglectful, incompetent, thoughtless, or regardless (Webst. Dict.). So it is clear that the word "incompetent" signifies either ignorance of how to do a thing perfectly, or that mental make-up or acquired habit which renders one neglectful, careless, and incompetent, though possessing sufficient knowledge and experience to do with reasonable care and skill the work in hand. In such circumstances, the inattention or carelessness refers, not to a particular act, but to general character, so as to affect, in fact, the capacity of the person for the work he is employed to do. So laid down in *Maitland v. Gilbert Paper Co.* 97 Wis. 476, where very recently we had occasion to discuss this subject. It was there said, in effect, that a competent man is a reliable man, both as to physical and mental attributes and the disposition with which he generally does his work. So, capacity to do the work properly so far as physical ability is concerned, reasonable knowledge of how the work should be done, and the mental balance and self-control that enables one reasonably to bring into use his intelligence and experience, all go to the subject of competency. It has been frequently held that proof of a single act of negligence will not raise an inference of incompetence. It must necessarily follow that, ordinarily, a mere allegation that a person was negligent in the performance of some particular act is not equivalent to an allegation of incompetence, and will not raise an inference that the act was attributable to incompetence. *Baltimore Elevator Co. v. Neal,* 65 Md. 438; *Huffman v. C., R. I. & P. R. Co.* 78 Mo. 50.

From the foregoing it follows logically that the allegation in the complaint before us that the turning on of the steam was negligently done does not reasonably admit of an inference that the negligence was attributable to that incapacity which is the true test of incompetency, and the result is that we must conclude that the complaint fails to show, directly or by reasonable inference, by any allegation

of fact, that the injury complained of was the result of the incompetence of Arndt, for which defendant would be liable, but does show, if anything, that it was attributable to mere negligence of Arndt, from which no liability of defendant can flow. Therefore, the demurrer *ore tenus* should have been sustained.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings according to law.