Fred Miller Brewing Co. vs. Manasse.

---

FRED MILLER BREWING COMPANY, Respondent, vs. MANASSE, imp., Appellant.

*March 5 — March 22, 1898.*

*Assignment of mortgage by indorsement of note: Notice by record.*

The indorsement of a note secured by a mortgage, and delivery of such note and mortgage by the owner to another for the purpose of conveying the same to such other, but without any written assignment or notation of the fact of record, passes to such other the mortgage as an incident of the debt, and his possession thereof constitutes constructive notice of his interests therein, binding on any person who deals with the former owner in regard to the property, so that such person cannot claim a *bona fide* interest in the securities, hostile to the first transferee, by reason of the fact of there being no notice of such first transfer of record.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

Action to foreclose a mortgage. The complaint was in the usual form. The defendant *Manasse* was made a defend-

ant as a person interested, subject to the rights of the plaintiff. She answered, among other things, by way of a counterclaim, stating facts claimed to show she was the rightful owner of the note and mortgage and praying for the establishment of her title. Plaintiff duly replied to such counterclaim. During the progress of the trial said defendant asked leave to withdraw her counterclaim, which request was taken under advisement, and not thereafter directly decided. No exception was taken to the action of the court in that regard. The result of the trial was that the court filed findings as follows:

(1) December 21, 1894, Minna Rossmann, for value, made and delivered to Lorenz Thelen her promissory note, promising to pay Thelen, on or before five years after the date thereof, $500 with interest at five per cent. per annum.

(2) To secure the payment of the note Rossmann gave Thelen a real-estate mortgage which was duly recorded.

(3) July 3, 1895, Thelen indorsed the note in blank and delivered the same, with the mortgage, to plaintiff, to hold the same as collateral security for the payment of $375, owing to the former from the latter on a demand note.

(4) The debt from Thelen to plaintiff has not been paid, and the note and mortgage is the one in suit.

(5) Prior to the filing of the notice of the pendency of this action, March 22, 1897, there was nothing in the register's office showing plaintiff's claim under the note and mortgage.

(6) November 5, 1896, Thelen duly assigned the mortgage to Hulda Miller, and January 18, 1897, she duly assigned the same in writing to *Lottie Manasse.* Both of the assignments were duly recorded. At the time of such assignments the note and mortgage were in the possession of plaintiff, but neither *Lottie Manasse* nor Hulda Miller had actual notice thereof, though they had constructive notice of plaintiff's rights therein.

(7) Plaintiff had no notice, actual or constructive, of the

aforesaid assignments to Miller and *Manasse*, till about February 17, 1897, when this action was commenced.

(8) The allegations of the complaint, except that as to a part of the indebtedness on the note being due, are true.

As conclusions of law the court held, in effect, that the complaint, so far as it asks for foreclosure of the mortgage, should be dismissed, but that the cause should be retained for the purpose of settling the issue as to the ownership of the securities, raised by the counterclaim and reply thereto; that the rights of defendant *Manasse* are subject to those of the plaintiff, who is a *bona fide* holder of the note and mortgage as security for the debt due it from defendant Thelen. Judgment was ordered accordingly, establishing plaintiff's title to the note and mortgage, as above indicated, and that it recover costs of the defendant *Manasse* incurred by reason of her counterclaim. Judgment was entered accordingly.

*Charles L. Aarons*, for the appellant, contended, *inter alia*, that an assignment of a mortgage is a "conveyance" of the mortgaged real estate, within the meaning of the recording act (sec. 2241, R. S. 1878), and the plaintiff's assignment, never having been recorded, was void as against the defendant, whose title was duly recorded. *Butler v. Bank of Mazeppa*, 94 Wis. 351; *Kellogg v. Smith*, 26 N. Y. 18; *Purdy v. Huntington*, 42 id. 348; *Vanderkemp v. Shelton*, 11 Paige, 28; *Livermore v. Maxwell*, 87 Iowa, 714; *Cutler v. James*, 64 Wis. 178. In this case, the indorsed note and the mortgage together constitute a conveyance of real estate which, under the statute, should have been recorded in order to be valid as against the defendant, who is a subsequent purchaser in good faith. If the recording act does not apply to such a case, its whole purpose is defeated. *Greene v. Warnick*, 64 N. Y. 227; *Bacon v. Schoonhoven*, 87 id. 446, 450; *First Nat. Bank v. Chafee*, 98 Wis. 42; *Moore v. Thomas*, 1 Oreg. 205; *Jackson v. Post*, 15 Wend. 588, 594; *Johnson v. Carpenter*, 7 Minn. 176; *Lewis v. Kirk*, 28 Kan. 505; *Bank*

*of Indiana v. Anderson*, 14 Iowa, 544; 15 Am. & Eng. Ency. of Law, 846.

For the respondent there was a brief by *Nath. Pereles & Sons*, and oral argument by *C. F. Hunter*.

MARSHALL, J.   The findings of fact are amply sustained by the evidence.   The only question of law that need be decided is, Does a person become the *bona fide* holder of a note and mortgage by purchasing them for value, of another who has title thereto of record, while the same are in possession of a third person who received them as security from such other, and took title thereto for such purpose, by an assignment of the note in blank, and a delivery thereof, together with the mortgage, so as to cut off the rights of such third person?   That must be answered in favor of the respondent in accordance with the decision of the trial court. A mortgage is not property at all independent of the debt it secures.   The extinguishment of the debt *ipso facto et eo instanti* extinguishes the mortgage.   The mere entry on the record of a release of the mortgage is not for the purpose of extinguishing it, but as evidence of a previous discharge of the debt.   *Martineau v. McCollum*, 3 Pin. 455; *Croft v. Bunster*, 9 Wis. 503; *Kelley v. Whitney*, 45 Wis. 110.   In the latter case, Mr. Justice COLE said, in effect, that it is the settled law of this state that the transfer of a note before maturity, secured by a mortgage, vests in the transferee the note, discharged of all equities of the former holder, and carries with it, as an incident thereto, the mortgage as well, discharged of equities in a like degree.   It follows that the appellant took no greater title by her assignment of the mortgage than the interest which Thelen reserved when he transferred the securities to respondent.   Its possession of the note and mortgage was notice to the appellant and to all other persons dealing with the securities, of its interests therein.

*By the Court.*— The judgment of the superior court is affirmed.