MILWAUKEE TRUST COMPANY, Guardian, Respondent, vs. VAN VALKENBURGH and wife, Appellants.

*September 6—September 24, 1907.*

(1–3) *Pleading: Construction: Ambiguities.* (4–6, 13) *Mortgages: Assignment: Indorsement of secured note: Foreclosure: Judgment: Rate of interest.* (7, 9, 10) *Bills and notes: Detached coupons: Presumption as to ownership: Signature to indorsement: Presumption as to genuineness.* (8) *Trusts and trustees: Enforcement of securities: Parties.* (11, 12) *Corporations: Powers of officers: Transfer of notes.*

1. All mere technical defects in pleadings, as regards insufficiency of statement, give way to the liberal rules for construction,

where essential matters, not expressly alleged, are reasonably suggested to exist, and intended to have been included in the language used.

2. Mere ambiguities in pleadings which may be solved by construction are judicially remediable only by motion to make more definite and certain.

3. A pleading is not open to successful objection for insufficiency if it will reasonably admit of a construction which will sustain it in the light of all the facts, stated expressly or by reasonable inference, reasonable doubts in that regard being resolved in favor of, rather than against, the pleading.

4. Production by the holder, but not the party named as payee, of a negotiable promissory note, duly indorsed to such holder, raises a presumption that it was acquired by him for value before due, with all the then incidents thereof, such as a mortgage securing the same or coupons for future instalments of interest.

5. In case of a promissory note secured by a mortgage on realty, the latter is an incident of the former and the transfer of the principal thing by an ordinary indorsement carries with it such incident, enabling the owner of. the indebtedness to enforce it without any formal assignment thereof.

6. A transfer of a note by indorsement thereon, expressly including the mortgage security and the interest, constitutes a good written conveyance of the mortgage and the interest coupon owned by the indorser and attached to the note.

7. Production of a note and coupon for interest thereon, but detached therefrom, by a person not named therein as payee, the note and coupon as well being in form payable to order, and the note being duly indorsed, but the coupon having no indorsement, raises a presumption that the holder became the owner of the note when the coupon was attached thereto, and formed a mere incident thereof, and so did not require any indorsement separately from that on the note.

8. A person who is trustee of a security for two persons, but assumes to be such only for one of them, having the legal title may enforce it. The beneficiaries are not necessarily parties to the action in that regard.

9. The purported execution of, or signature to, the indorsement or assignment of a promissory note, in the absence of a specific denial under oath of due execution or signature by the person so purporting to have signed or executed the same, is to be regarded as in accordance with the facts.

10. The rule last stated applies in an action whether the signature purports to be by a party thereto or otherwise.

11. Though the ordinary executive officer of a corporation, such as its president, does not, *ex officio*, have authority to bind the corporation by contract, in harmony with the general custom of conducting business he is presumed to have had such authority duly conferred upon him.

12. In case of a transfer by indorsement of commercial paper held by a corporation, the indorsement being in the name of the corporation by its president, and such transactions being within the scope of the ordinary corporate business, authority of the president in the matter is to be implied, and his act is binding on the corporation, whether he had authority in fact or not, as to any person acting upon the appearance of authority without knowledge or reasonable means of knowledge that actual authority did not exist.

13. Interest upon the due part of a mortgage indebtedness after judgment of foreclosure, and on the part not due at the date of the judgment after its becoming due, as well as upon all other recoveries in the action and upon tax liens necessarily paid by the judgment creditor for his protection, follows the rate fixed in the contract between the parties limited by the minimum legal rate. Secs. 3164, 3165, Stats. (1898).

[Syllabus by Marshall, J.]

Appeal from a judgment of the circuit court for Milwaukee county: J. C. Ludwig, Circuit Judge. *Modified and affirmed.*

Action to foreclose a mortgage. The allegation in the complaint as to the corporate existence of plaintiff is in these words:

"Plaintiff . . . is, and was at all times hereinafter mentioned, a Wisconsin corporation, doing business as such in the city of Milwaukee, county of Milwaukee, state of Wisconsin, and as such duly authorized to act as guardian."

The mortgage was given July 11, 1895, by defendant *Frank B. Van Valkenburgh* and his wife to the Wisconsin Trust company as guardian of Fred W. Benjamin and Catherine C. Benjamin to secure payment by said *Van Valkenburgh* to said guardian of a promissory note of $20,000 made by said *Van Valkenburgh,* payable to the order of said guardian on the 1st day of September, 1905, with interest at the

rate of five per cent. per annum payable on the 1st day of
March, 1896, and semi-annually thereafter, according to
coupons attached thereto, numbered from 1 to 20 inclusive,
of $500 each. The amount unpaid was the face of the note
and the last coupon. The complaint was in the usual form.
The allegation as to the transfer of the note, coupon, and
mortgage to the plaintiff was in these words: Said note was
"for a valuable consideration before the commencement of
this action, duly assigned and transferred, together with the
mortgage securing the same, to the *Milwaukee Trust Com-
pany,* as guardian of Catherine C. Benjamin; and said the
*Milwaukee Trust Company,* as such guardian, is now the
lawful owner and holder of both said note and said mort-
gage."

There was a demurrer to the complaint for insufficiency
which was overruled.

Defendant *Frank B. Van Valkenburgh* by verified answer
admitted execution of the note and mortgage and failure in
some respects to perform the conditions thereof, as alleged,
and that plaintiff claimed to be a corporation and the guard-
ian of Catherine C. Benjamin and as such to be the owner
of such note and mortgage, and denied that the property
covered by such mortgage was inadequate security for the
mortgage indebtedness, and further denied, on information
and belief, the other allegations of the complaint.

Defendant *Emma W. Van Valkenburgh,* by an unverified
answer, denied generally the allegations of the complaint.
Neither by the pleading nor by affidavit was the signature to
the transfer of the note and mortgage or the execution of
such transfer denied.

On the trial there was an objection to the introduction of
the note in evidence, no ground being specified, which was
overruled, and a like objection was overruled as to the cou-
pon.

Plaintiff produced the note and coupon and they were received in evidence. The only written evidence of a transfer of the securities to the plaintiff was indorsed upon the back of the note and was in these words:

"For value received the Wisconsin Trust Co., Gdn. of C. C. Benjamin, hereby assigns and transfers the within note together with all interest and all rights under the mortgage securing the same, to the *Milwaukee Trust Company,* Gdn. of. C. C. Benjamin, without recourse.

"Dated at Milwaukee this 28th day of January, 1903.

"The Wisconsin Trust Co.,

"Gdn. of C. C. Benjamin.

"By J. H. Van Dyke, Jr.,

"V. Pres."

The coupon when produced was separate from the note. It had no indorsement thereon. It was payable "to the Wisc. Trust Co., guardian, etc., or order . . . for an instalment of interest due at the maturity" thereof upon a certain note of even date for the sum of $20,000. There was evidence of the substitution of the plaintiff for the Wisconsin Trust Company as guardian.

There were findings of the due making of the note, coupon, and mortgage, as alleged, also of the discharge of the Wisconsin Trust Company as guardian of Fred C. Benjamin, he having become of age, also of the due appointment of plaintiff as guardian of Catherine C. Benjamin in place of the Wisconsin Trust Company, and of the due assignment and transfer before the commencement of the action of the note and mortgage to the plaintiff, and of its being the lawful owner and holder thereof. The amount found to be due on the note and coupon was $21,930.73. There were all other findings essential to a judgment of foreclosure. It was found that the realty was mortgaged "subject to existing leases" thereon. The conclusion of law authorized a judgment of foreclosure in the usual form and provided for a sale of the mortgaged premises. The judgment was in terms

"that the premises subject to the mortgage described in the complaint and findings, to wit: All of lots," etc., should be sold.

For the appellants there were briefs signed by *Frank B. Van Valkenburgh,* attorney, and *Charles A. Vilas,* of counsel, and oral argument by *Mr. Van Valkenburgh.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *W. F. Adams.*

MARSHALL, J. The complaint as regards the corporate existence of plaintiff was sufficient on demurrer. The allegation that plaintiff was a Wisconsin corporation fairly suggested that it was a corporation organized and existing under the laws of the state of Wisconsin.

The liberal rule, which to a very great extent promotes the administration of justice, doing away with the otherwise obstructive efficiency of technical unmeritorious and so unprejudicial defects, supplies in a pleading all essential matters not expressly stated when from the express statements they may reasonably be supposed to exist and to have been intended by the pleader to be included in such statements. *Miller v. Bayer,* 94 Wis. 123, 68 N. W. 869; *Kliefoth v. N. W. I. Co.* 98 Wis. 495, 74 N. W. 356; *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421, 84 N. W. 159; *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921.

Reasonable doubts respecting the pleader's purpose as to matters which the adverse party is fairly entitled to have solved to enable him with due consideration to adopt a course of action in respect thereto, must be presented to the court, for the purpose of obtaining enlightenment, by motion to make more definite and certain, not by challenging the pleading for insufficiency. That is according to the letter and spirit of the Code and of judicial policy as well.

The supreme test to be applied to a pleading as regards mere sufficiency is this: Will it reasonably admit of a con-

struction which will sustain it, in the light of all facts alleged expressly or by reasonable inference, such inferable facts being regarded as alleged if their existence is reasonably suggested by the language used, and it being kept efficiently prominent in applying such test that doubts are to be resolved in favor of the pleading rather than against it where that can fairly be done?

If it were conceded that the complaint is barren of any allegation of title in respondent to the coupon, the pleading would be yet good for a foreclosure of the mortgage, since, unquestionably, there is a sufficient allegation of a transfer to, and ownership by, respondent of the note and security. Moreover, the mere production of the paper by respondent as owner with a sufficient indorsement to transfer the note raised a presumption that it was acquired before due and when the last interest coupon was presumably an incident thereof, as will be seen hereafter. *Wayland Univ. v. Boorman,* 56 Wis. 657, 14 N. W. 819.

Failure to allege, expressly, how respondent and its assignee came to deal with the securities as held in trust solely for Catherine C. Benjamin was immaterial. The interest of Fred W. Benjamin in the property was that of a *cestui que trust.* The legal title was in the trustee. It having conveyed such title to respondent in trust for Catherine C. Benjamin after Fred W. became of age, presumably the trust as to him was in some proper manner discharged, leaving the whole equity in the property in Catherine C. But if that were not so and the treatment of the property as solely held in trust for Catherine C. was in violation of the trust for Fred W., the legal title vested in respondent as trustee for him with power, subject to the protection of his rights, to foreclose the mortgage. It was not a case in any event where it was necessary for Fred W. to be before the court for his due protection, since he could hold respondent liable as his trustee, or have other efficient remedies. 2 Perry, Trusts

(5th ed.) § 828. If otherwise there were a mere defect of parties, it was waived by failure to demur on that precise ground or raise the question by answer. Sec. 2654, Stats. (1898).

. No error was committed by receiving the note in evidence. There was no infirmity of proof respecting the assignment thereof to respondent. There was, as indicated in the statement, a formal assignment of the note together with the interest and the mortgage, indorsed upon the back of the note and signed by the Wisconsin Trust Company by its vice-president. No proof was required, in the absence of any showing to the contrary or any foundation thereof in the pleadings, that the assignment was in fact made according to its purport. There was no denial of the execution of the assignment or the signature thereto under oath. Therefore, such execution and signature was not open to impeachment. Sec. 4192, Stats. (1898). That rule applies where the signature is by one not a party as well as to a party to the action. *Parroski v. Goldberg,* 80 Wis. 339, 50 N. W. 191.

No proof was necessary that the corporate officer purporting to have signed the transfer of the note had authority to do so. The president, or in his absence or inability to act the vice-president, of a business corporation is a usual officer as managing agent to execute such a paper as the one in question, and it is implied in case of a transfer so signed that the officer had authority to act in the matter in the absence of proof to the contrary and notice to the person receiving the paper.

"The authorities are to the general effect that such a power is *implied in law,* and consequently need not be proved by an innocent person claiming under its exercise." 4 Thomp. Corp. § 4638.

Any person claiming under such exercise is presumed to be innocent of any wrong in the matter in the absence of evidence to the contrary.

The foregoing does not conflict with the rule that the president of a corporation does not possess authority *ex officio* to bind it by contract. *Meating v. Tigerton L. Co.* 113 Wis. 379, 89 N. W. 152. It merely applies the doctrine as to the binding effect, in favor of an innocent person, of estoppel, in case of another acting for a third person by the latter's permission with appearance of authority so to do, reasonably calculated to lead such innocent third person to believe such other to be expressly authorized in respect to the matter.

Judicial and other expressions out of harmony with the foregoing may be found in the books but they are not to be regarded with favor. The law, especially so far as it is competent for courts, unrestrained by legislative enactments, to declare and administer it, promotes rather than obstructs legitimate business operations. If it were not as indicated the modern methods of doing almost all kinds of business through artificial persons would be very prejudicially handicapped. The custom of a particular corporation, or of corporations generally, as to the manner of doing business involving contractual obligations, reasonably calculated to suggest the existence of express authority on the part of the actor in the matter so as to mislead innocent persons, and which justly ought to estop the corporation from denying the existence of such authority, in the absence of any statute to the contrary, has the force of law and raises for the protection of such persons a conclusive presumption of such authority. *St. Clair v. Rutledge,* 115 Wis. 583, 92 N. W. 234.

While, as we have seen, there was an assignment in terms of the mortgage indorsed on the back of the note, that was not necessary to a transfer of the security to respondent. The mere indorsement of the note by the payee and delivery thereof with the mortgage to the respondent, carried title to the indebtedness and the mortgage to the latter, enabling it to prosecute the foreclosure. *Croft v. Bunster,* 9 Wis. 503;

*Rice v. Cribb,* 12 Wis. 179; *Rolston v. Brockway,* 23 Wis. 407; *Lane v. Duchac,* 73 Wis. 646, 41 N. W. 962; *Franke v. Neisler,* 97 Wis. 364, 72 N. W. 887; *Fred Miller B. Co. v. Manasse,* 99 Wis. 99, 74 N. W. 535.

There was ample evidence of a transfer of the coupon to respondent. Therefore that instrument, though it was detached from the note, was payable to order, and had no indorsement thereon, was properly received in evidence, and the finding showing competency of respondent to have judgment in respect thereto was proper.

True, a coupon may be detached from the note to which it refers and be negotiated and enforced without a production of the latter, substantially as an independent promise to pay and with substantially the same incidents as characterize commercial paper—where the coupon is in negotiable form; but before due, presumably, it is a mere incident of the note and so long as attached thereto passes, in case of a transfer of the principal obligation, as such incident without any special assignment, indorsement, or conveyance thereof. In case of an assignment of the note, as in this instance, long before the due date thereof and production of such note and the coupon as separate instruments after the due date of both, the presumption is that they were attached together at the time of the transfer and that the coupon was detached at the appropriate time for the mere purpose of collecting the interest. That is in harmony with the rule that a coupon once detached and negotiated is no longer an incident of the principal obligation, but is substantially an independent claim. Cases of the latter sort, of course, are numerous and the law in respect to the matter well understood. *Nesbit v. Riverside Ind. Dist.* 144 U. S. 610, 619, 12 Sup. Ct. 746; *Edwards v. Bates Co.* 163 U. S. 269, 272, 16 Sup. Ct. 967; *Nat. Exch. Bank v. H. P. & F. R. Co.* 8 R. I. 375; *Ide v. Conn. & Pass. Rivers R. Co.* 32 Vt. 297; *Comm'rs v. Aspinwall,* 21 How. 539, 546.

Such authorities are not to be extended so as to render un-indorsed overdue detached coupons in the hands of the owner of the principal obligation, who took the same by assignment before due while all were attached together and were in legal effect but one instrument, distinct obligations requiring distinct independent transfers. Otherwise the assignee of a bond payable to order with numerous attached coupons, likewise payable, to become due in the future, would be obliged to take a specific assignment or indorsement of each coupon as well as of the principal obligation. A transfer of the latter while the former are incidents thereto conveys such incidents and they are to be regarded as such thereafter whether detached or not so long as they remain the property of and are produced by the owner of the principal obligation.

In the light of the law, as stated, possession of the note and coupon by respondent with proof of an assignment of the former to him long before it became due *prima facie* established ownership of the obligation for payment of the principal debt and of the interest as well.

The finding in respect to notice of *lis pendens* having been duly filed in the foreclosure action must be regarded as a verity, since no exception was taken thereto.

The finding that the mortgaged premises cannot be sold in parcels without diminution of the realizable value of the whole seems to be sufficiently supported to preclude disturbance of the judgment in respect thereto.

The findings of fact and the proof indicate that the mortgage interest was subject to leases existing at the time the mortgage was given. The conclusions of law provided for a judgment directing, conditionally, a sale of the "mortgaged premises." The judgment provided for, conditionally, a sale of "the premises subject to the mortgage described in the complaint and findings, to wit: [Describing the real estate by lots and blocks.]" The existence of outstanding leases

taking precedence of the mortgage was not expressly recognized in either the order for judgment or the judgment.

It were better, perhaps, since the proof showed and the court decided as matter of fact that there were outstanding leases taking precedence of the mortgage, that the judgment had expressly authorized a sale of the interest in the realty covered by the mortgage and that only. It may be that the term "mortgaged premises" should be so construed. We are inclined to give it that effect for the purpose of rendering it definite and certain.

The mere fact that the owners of the leasehold interest were not before the court did not militate against authority to render judgment. Their interests were not affected by the mortgage. The judgment could not in any event legitimately prejudice them. The owners of senior incumbrances on property are not necessary parties to a foreclosure of junior incumbrances. *Strobe v. Downer,* 13 Wis. 10; *Straight v. Harris,* 14 Wis. 509; *Hekla F. Ins. Co. v. Morrison,* 56 Wis. 133, 14 N. W. 12.

It is conceded that the amount adjudged to be due for principal and interest at the date of the judgment was excessive to the amount of $47; that the total indebtedness should have been stated to be $21,883.75 instead of $21,930.75. It is further conceded that the judgment erroneously provided for interest after its date at the rate of six per cent. per annum upon the amount of the mortgage indebtedness, solicitor's fees, and costs; that the rate should have been five per cent. After the appeal was taken and such conceded errors were brought to the attention of respondent, it duly filed a release of the excess in the amount adjudged to be due and the excessive rate of interest authorized. That cured such errors so far as respondent, of its own motion, could well do so under the circumstances.

It is further conceded that the judgment erroneously provided for a recovery of interest at the rate of ten per cent.

per annum upon any taxes or tax liens upon the mortgaged property which respondent might be required to pay for its protection prior to the execution of the judgment by a foreclosure sale. The proper rate of interest, as provided by the statute, is five per cent.; following the rate upon the mortgage indebtedness. Secs. 3164, 3165, Stats. (1898). The error occurred by following the circuit court rule prescribed by this court (see Rule XXV, sec. 6), which was inadvertently made out of harmony with the statute—the paramount authority. That rule must be considered as modified to conform to the statute.

The foregoing covers all matters presented in the briefs of counsel which seem to require any special attention. The judgment appealed from must be modified by changing the amount adjudged to be due at the time of the entry thereof to $21,883.75, and changing the rate of interest thereon and on the solicitor's fees and costs after judgment to five per cent. per annum, and changing the rate of recoverable interest upon future payments of taxes or tax liens to five per cent. per annum, and as so modified it must be affirmed with costs in this court in favor of the appellant.

*By the Court.*—So ordered.