## SAWYER et al. v. ROCHESTER TRUST CO.

District Court, D. New Hampshire.

Jan. 2, 1931.

Alexander G. Gould, of Boston, Mass., and Fletcher Hale, of Laconia, N. H., for plaintiff.

Conrad Snow, of Rochester, N. H., for defendant.

MORRIS, District Judge.

This is an action brought by Charles E. Sawyer, trustee in bankruptcy of the Brenner & Brody Shoe Company, a corporation duly organized by law and having a usual place of business in Haverhill, county of Essex, commonwealth of Massachusetts, against the Rochester Trust Company, a duly organ-

ized banking institution doing business at Rochester, in the county of Strafford, state of New Hampshire.

The action is brought in the federal court on account of diversity of citizenship. The declaration contains three counts. Count 1, in brief, alleges that on May 17, 1927, and May 20, 1927, the Brenner & Brody Shoe Company by its agent deposited with the defendant bank the sum of $6,900 and $442.71, respectively, and that it paid out the said sums upon the order of persons not duly authorized by the Brenner & Brody Shoe Company, to the great loss and damage of the plaintiff.

Count 2 alleges that the defendant owes the plaintiff the sum of $7,342.71, for money had and received to the plaintiff's use.

Count 3 alleges the deposit in the defendant bank by the Brenner & Brody Shoe Company of the sum of $7,342.71, which the bank paid out to unauthorized persons thereby converting the said sum to its own use.

The defendant answering each count admits the deposit of the several sums of money upon the dates alleged and that the same has been paid out by the bank, but denies that it was paid out upon the order of persons unauthorized or that any of said sums have been converted to its own use.

A waiver in writing of a jury trial was filed by the parties, and the case came on for hearing at Littleton before the court on October 13, 1930. After hearing the parties and their proofs and considering the evidence and arguments of counsel, I find the following facts and make the following rulings of law:

The Brenner & Brody Shoe Company, hereinafter called the corporation, was duly organized in 1920, with its principal place of business at Haverhill, in the commonwealth of Massachusetts, and during its corporate existence was engaged in the manufacture of shoes. On May 26, 1927, it made an assignment for the benefit of its creditors and thereafter made a composition offer which was not accepted. On May 28, 1927, an involuntary petition in bankruptcy was filed against it, and on July 7, 1927, it was adjudged a bankrupt. Charles E. Sawyer was duly appointed trustee and qualified as such on July 22, 1927, and is still acting in said capacity.

Louis E. Brenner was the president of the corporation from the date of its incorporation to May 28, 1927. When the petition in bankruptcy was filed he owned 50 per cent. of the capital stock and was in charge generally of the affairs and business of the corporation. John Kozlouski was the owner of the other half of the capital stock. He was factory superintendent and treasurer of record of the corporation. He testified as follows:

"Q. Now what was your function in the factory? A. Charge of the factory; factory superintendent.

"Q. Outside of the manufacturing end, you had nothing to do with the business? A. No.

"Q. Everything that is done outside of the factory was done by Mr. Brenner? A. Yes, sir."

Louis E. Brenner, John Kozlouski, and Mr. Brenner's son Edward Brenner were the directors. The latter was corporation clerk and held only a qualifying share.

The cash book of the corporation shows under date of May 16, 1927, the following entries received:

| | |
|---|---|
| S. E. R. Stores | 116.28 |
| Devine & Yungell Shoe Co. | 326.43 |
| Joe Burg | 1900.00 |
| Endicott-Johnson Co. | 6900.00 |
| Total | 9242.71 |

On May 17, 1927, Louis E. Brenner, president of the corporation, deposited the check of the Endicott-Johnson Corporation in the Rochester Trust Company, of Rochester, N. H., in the name of the Brenner & Brody Shoe Company. The deposit was made by Brenner in person, and the deposit slip was made by Charles Wentworth, an employee of the bank who opened the account. Brenner was introduced and identified at the bank by Henry Bacon, a shoe manufacturer who had been carrying an account with the Rochester Trust Company for a number of years in the name of the Briscoe Shoe Company. On May 20, 1927, Louis E. Brenner, on behalf of the Brenner & Brody Shoe Company, deposited in the Rochester Trust Company two checks drawn to the order of the corporation, one for $116.28 drawn by the S. E. R. Stores and the other for $326.43 drawn by Devine & Yungell Shoe Manufacturing Company. The deposit slip for the last two checks appears to be in the handwriting of Louis E. Brenner. The $6,900 check was indorsed as follows: "Brenner & Brody Shoe Co., by Louis E. Brenner, Pres." The check for $326.43 is indorsed, "Brenner & Brody Shoe Co." This indorse-

ment appears to be in the handwriting of Louis E. Brenner.

At the time of the first deposit, an authorized signature card was given the bank worded as follows:

"Brenner & Brody Shoe Co. Louis E. Brenner, Treas. Address Haverhill, Mass. Business, Brenner & Brody Shoe Co."

Ordinarily, the Brenner & Brody Shoe Company did its banking business with the Merrimack National Bank of Haverhill, Mass. For a few months it did business with the Essex National Bank, also of Haverhill; but when it got into financial difficulties payments were stopped at these banks and its account was transferred to the Engineers' Bank in Boston. Checks on that deposit were stopped, and Brenner told Kozlouski, the treasurer, that they would have to look for some other bank in which to make deposits so that they could pay off their labor bills. At 'that time the Brenner & Brody Shoe Company was not manufacturing shoes, but was engaged in the removal of its plant to another location in Haverhill.

At the first meeting of the board of directors held September 15, 1920, the following vote was passed:

"Upon motion duly made and seconded, it was voted to dispense with the bond of a treasurer, and that the Treasurer shall open an account in the name of the Corporation, in any bank that he may choose and deposit therein, all the funds of the Corporation that may come into his custody."

This resolution was passed at a time when one Morris Brody was treasurer of the corporation. The corporation records do not show any modification of this vote.

Kozlouski testified in the present action that he did not see the checks or know about them or know that an account was opened with the Rochester Trust Company until bankruptcy proceedings were started. As he had previously testified differently in a proceeding in Massachusetts, and his present memory about events appearing to be very indistinct, I do not place much reliance on his testimony. I find that when Mr. Brenner told him that they would have to look for some other bank in which to make their deposits, Kozlouski was quite content to let Brenner handle the matter. I also find that Kozlouski was informed by Brenner concerning the checks which he had received and when they were deposited.

Miss Mabel M. Brown kept the books of the corporation. She testified that generally checks sent to it in payment of corporate accounts were handed to her; indorsed by use of a stamp, and deposited by her in the bank. She testified that she did not have any information about the receipt of the checks kept by Mr. Brenner until May 19, at which time she made the proper entries in the books of the Corporation. She also testified that she had no knowledge of the deposit in the Rochester Trust Company or the manner in which the money was checked out until May 24th, when she was told by Mr. Brenner the disposition made of the $9,242.71, and she made entries in the books as hereinafter appears.

The money deposited in the Rochester Trust Company was drawn out as follows:

| | |
|---|---|
| May 17, 1927 | 1500.00 |
| May 20, 1927 | 4817.64 |
| May 25, 1927 | 975.00 |
| July 11, 1929 | 50.07 |
| | 7342.71 |

The first item of $1,500 went in payment of a trade acceptance of the corporation (Plaintiffs' Exhibit 22) which was drawn by "Buscol Shoe Company, Inc., H. A. Bacon, Treas.," to the order of Briscoe Shoe Company, and accepted by "Brenner & Brody Shoe Co., J. Kozlouski, Treas." The second and third items appear to have been drawn in cash. From these amounts Brenner paid Celia Bluestein, his sister-in-law, $1,245. He kept the balance to reimburse himself and a friend for the amount on two bank books which he had put up as collateral for loans to the corporation with the Merrimack Savings Bank, which collateral had been sold by the bank and to further reimburse himself for money loaned the corporation, and notes payable due him from the corporation.

According to the books the entire sum of $9,242.71, of which the first, second, and third item drawn from the Rochester Trust Company form a part, was paid out by Brenner as follows:

| | | |
|---|---|---|
| May 16, | Notes payable (sundry) Henry Bacon | 1500.00 |
| " 24, | Notes payable (sundry) C. Bluestein | 1245.00 |
| " " | Notes payable (sundry) L. E. Brenner | 1800.00 |
| " " | L. E. Brenner, accom acct | 1015.25 |
| " " | L. E. Brenner, to apply on bank books given as security | 3682.46 |
| | | 9242.71 |

All of the above amounts were legitimate bills due and owing from the corporation to the persons named.

The last item drawn from the Rochester Trust Company, $50.07, was sent to Alexander G. Gould, attorney for Charles E. Sawyer, trustee.

From the evidence it appears that Charles E. Sawyer, trustee in bankruptcy, brought petitions against Louis E. Brenner, Celia Bluestein, and the Briscoe Shoe Company, Inc. (Henry Bacon), to recover preferential payments made to the several parties from the funds of the Brenner & Brody Shoe Company.

The preferential payments sought to be recovered from L. E. Brenner are set forth in the petition as follows:

May 17, 1927, by cash or check of
Brenner & Brody Shoe Co....... 3682.43
May 20, 1927, by cash or check of
Brenner & Brody Shoe Co. ..... 1015.25
May 25, 1927, by cash or check of
Brenner & Brody Shoe Co. ...... 1800.00
                                 ————————
                                  6497.71

The preferential payment sought to be recovered from Celia Bluestein was $1,245. The preferential payment sought to be recovered from the Briscoe Shoe Company, Inc., is set forth as follows: Trade acceptances, $3,000.00. The trade acceptance of $1,500 paid the Briscoe Shoe Company, Inc., May 17, 1927, is a part of the last mentioned item.

I find that the sums sought to be recovered in the three petitions cover all of the amount drawn from the Rochester Trust Company except the last item of $50.07.

After litigation some of which found its way into the Circuit Court of Appeals for the First Circuit [see Brenner v. Sawyer, 24 F.(2d) 167], the actions were compromised by payment to the trustee by the several parties of the sum of $3,000, and releases were given dated July 5, 1929, by Charles E. Sawyer, trustee in bankruptcy of the Brenner & Brody Shoe Company, releasing them from all debts, demands, actions, causes of actions, suits, accounts, covenants, contracts, agreements, damages, and any and all claims whatsoever of every name and nature both in law and equity. Permission to make the compromise settlement was obtained from the referee in bankruptcy.

It thus appears that $3,000 of the money which was drawn from the Rochester Trust Company and used to pay creditors of the Brenner & Brody Shoe Company has been recovered from the creditors and the balance released under the agreement of compromise. (Defendant's Exhibit J.) The Rochester Trust Company was not a party to any of these proceedings.

On May 8, 1928, Alexander G. Gould wrote to the Rochester Trust Company on behalf of Sawyer, trustee, asking that the bank send a copy of the signature card that was made out at the time the account of the Brenner & Brody Shoe Company was opened and also asking for a statement and canceled checks in the bank's possession. On May 19, 1928, the bank wrote Gould inclosing a copy of the signature card and stating that the account with all canceled vouchers had been returned to the corporation. On May 10, 1928, Gould wrote the bank asking to be advised if it was the bank's practice when opening an account with a corporation to obtain a copy of the by-laws showing authority of the party making the deposit to sign checks in behalf of the corporation, and whether or not the bank had a copy of the by-laws of the Brenner & Brody Shoe Company in their possession. On May 11, the bank replied that it had not. On July 10, 1929, the trustee wrote the bank demanding that it turn over to him the sum of $7,342.71, the property of the Brenner & Brody Shoe Company. On the same date the bank sent to Alexander G. Gould a check for the sum of $50.07, the balance shown on the Brenner & Brody Shoe Company's account, and informed him that this was the only property of the corporation which it held. On July 12, Gould acknowledged receipt of the check but informed the bank that it was not accepted in full settlement, his contention being that whatever money was withdrawn by Brenner was without authority from the corporation and was not in payment of corporate debts.

On September 21, 1929, the trustee filed a petition with the referee in bankruptcy for an order permitting him to bring the necessary proceedings to recover certain money from the Rochester Trust Company, which petition was granted by Referee Jackson.

The plaintiff bases his claim for recovery upon article 7 of the by-laws of the corporation, claiming that the bank had no right or authority to pay out money of the Brenner & Brody Shoe Company except upon the signature of J. Kozlouski, treasurer. I quote portions of article 6 and 7 of the by-laws with respect to the duties of the president and treasurer:

Part of article 7:

"The treasurer shall sign all checks, notes, drafts, bills of acceptance and all other negotiable papers, all and in behalf of the corporation, except that in his absence the president shall have the right."

Part of article 6:

"The president in the absence of the treasurer shall sign all checks of the corporation."

I find as a fact that the Rochester Trust Company did not have a copy of these by-laws and had no notice of their provision. There was no evidence that the bank had notice that the corporation was in financial trouble.

■ The defendant offered in evidence numerous canceled checks of the corporation signed "Brenner & Brody Shoe Co. L. Brenner, Pres." This evidence was received subject to plaintiff's objection and exceptions. The plaintiff claimed in argument that the bank was in duty bound to make inquiry and if it had made the proper inquiries it would have ascertained that the president, Louis E. Brenner, had no authority to draw checks upon the corporation's deposit. From these checks and other evidence in the case, I find that the by-law relating to the duty of the treasurer to sign checks was more honored in its breach than in its observance. Some of the checks signed by Brenner bear the same date as other checks signed by Kozlouski, and if the bank had made inquiry it would have found that it was common practice for the president to sign checks. The evidence objected to appears to be admissible as tending to show what would have been ascertained had the bank made special inquiry as to Brenner's authority and to rebut any presumption, if such there is, that Brenner had no authority to act.

### Rulings of Law.

■■ The general principle often stated is that the president of a corporation has no implied authority by virtue of his office alone to act as agent of the corporation or to bind it by his contracts. His power to contract on behalf of the corporation must be found in its organic law or in a delegation of authority from it either directly or through its board of directors formerly expressed or implied from habit or custom of doing business. Wait v. Nashua Armory Ass'n, 66 N. H. 581, 23 A. 77, 14 L. R. A. 356, 49 Am. St. Rep. 630.

But we understand that this rule is considerably relaxed with reference to commercial transactions of an ordinary private business corporation. With respect to such there is a presumption that the president has implied authority to carry on ordinary commercial transaction such as the one in question. At least, there is no irrebuttable presumption of the president's authority arises by virtue alone of his office.

The best statement of what seems to be the modern authority that I have found is contained in the case of Milwaukee Trust Co. v. Van Valkenburgh, 132 Wis. 638, 645, 112 N. W. 1083. See also, Streeten v. Robinson, 102 Cal. 542, 36 P. 946; Grant v. Duluth, M. & N. Ry. Co., 66 Minn. 349, 352, 69 N. W. 23; St. Vincent College v. Hallett (C. C. A.) 201 F. 471, 476.

■ The transaction in the instant case was an ordinary commercial transaction of a business corporation. As previously indicated, Louis E. Brenner, president of the corporation, opened the account, gave the bank an authorized signature card with his name attached as president, indorsed the check deposited as president, and withdrew the money so deposited, signing checks in accordance with the authorized card.

I find as a fact, and rule as a matter of law, that the bank was justified and fully protected in paying out the money upon the order of the Brenner & Brody Shoe Company, signed by the person depositing the same. Holden v. Bank, 77 N. H. 535, 93 A. 1040, L. R. A. 1915E, 309, Ann. Cas. 1917E, 23; Brookhouse v. Company, 73 N. H. 368, 62 A. 219, 2 L. R. A. (N. S.) 993, 111 Am. St. Rep. 623, 6 Ann. Cas. 675; Lowell v. Merchants' National Bank (D. C.) 283 F. 124, 133; Cunningham v. Merchants' National Bank (C. C. A.) 4 F.(2d) 25, 33, 41 A. L. R. 529; United States National Bank v. First Nat. Bank (C. C. A.) 79 F. 296; Hotel Woodward Co. v. Ford Motor Co. (C. C. A.) 258 F. 322; Dexter Savings Bank v. Friend (C. C.) 90 F. 703; Industrial Savings Bank v. People's Funeral Service Corporation, 54 App. D. C. 259, 296 F. 1006; Havana Cent. R. Co. v. Central Trust Co. (C. C. A.) 204 F. 546, 551, L. R. A. 1915B, 715.

It further appears that all of the money drawn from the Rochester Trust Company went to pay legitimate debts of the Brenner & Brody Shoe Company. The bank was not informed, so far as appears, that the corporation was in financial distress. Suits have been brought by the plaintiff Sawyer, trus-

tee, against the several creditors to whom the money was paid. He recovered $3,000 in cash, and the creditors released any claim they might have had against the assets of the estate on account of any dividend declared. The bank was not a party to these proceedings. While it appears that the settlement in the preference suits was a compromise settlement and perhaps not all of the $7,342.71 that was deposited in the bank was recovered, we do not see how the bank can be blamed for that.

I hold that there is no equity in the plaintiff's case. The order is verdict for defendant.