BARTLETT, Appellant, vs. CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Respondent.

*May 5 — May 21, 1897.*

*Railroads: Failure to operate spur track: Ownership: Pleading: Con-
sideration.*

1. A complaint in an action against a railway company for failure to
operate a spur track to a warehouse under sec. 1802, R. S., which
fails to show that the plaintiff constructed or owns the track, does
not state a cause of action, the duty of railroad companies to oper-
ate such tracks under that section being limited to those provided
by the person desiring the service.
2. Although a railroad company constructed a spur track in a public
street especially for the benefit of the owner of a warehouse, and
such track had been improved and graded by him, a promise by
the railroad company to continue to operate it for his benefit
would be without consideration.

APPEAL from an order of the circuit court for Fond du
Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

The action is to recover damages for the refusal of the
defendant to operate a spur track for the plaintiff's benefit.
The complaint alleges, in substance, that the plaintiff is the
owner of a large warehouse, used for handling and shipping
hay, situated on Brooke street, in the city of Fond du Lac.
The main track of the defendant's railroad is in the same
street near its center.  Prior to November, 1874, when the
plaintiff became the owner of the property on which his
warehouse stands, there was a spur track from the defend-
ant's main track to the warehouse which then stood upon
the grounds now owned by him, which had been "constructed
for the use and benefit of the owners of said property and
said warehouse."  It is not alleged by whom this spur track
was constructed or maintained.  Soon after the plaintiff pur-
chased the property, he improved and graded the spur track
at his own expense; and it was put in repair, and used and

Bartlett vs. Chicago & Northwestern R. Co.

operated by the defendant for the convenience of plaintiff's business until June, 1893. Then the defendant moved its depot and made some changes in its tracks. This spur track was extended along the east side of Brooke street, past the plaintiff's property, and connected at that end with the main track by a switch. The plaintiff objected to this extension and union with the main track. It was agreed that the change would not interfere with the use of that part of the spur track which had theretofore been used for the convenience of plaintiff's business, and that it should continue to be operated for the use and benefit of the plaintiff, as it had been theretofore operated. The spur track was extended along Brooke street parallel to the main line, with which it was connected by a switch at either end. The defendant also constructed another track from its main track, which connected with the spur track. This track was so located that, when cars are passing over it, there is room on the spur track for no more than one car to stand, where formerly six cars could stand and be loaded. The defendant now runs its regular trains over this last-mentioned track and the extension of the spur track mentioned, which prevents the use of the spur track by the plaintiff for the purposes of his business. The defendant also uses the spur track by switching passenger coaches thereon and running freight trains over it. The defendant has neglected and refused to operate the spur track for the plaintiff's benefit, and now refuses to so operate it. The defendant has also refused to furnish the plaintiff cars, and to permit him to use the spur track as he had been accustomed to do. The plaintiff has been all the while ready to pay for the maintenance and operating of the track, but the defendant has never made a demand therefor. The plaintiff's property, with the track maintained and operated as aforetime, would be worth $25,000. Without the track so operated, it is worth not to exceed $5,000. Judgment for $25,000 is demanded. There was a general demurrer to the

Bartlett vs. Chicago & Northwestern R. Co.

complaint, which the court sustained, and the plaintiff appeals.

The cause was submitted for the appellant on the briefs of *John Brennan*, and for the respondent on that of *Fish & Cary*.

NEWMAN, J.   The real ground on which the plaintiff bases his claim to recover is not entirely clear.   It is certainly not among the general duties of a railroad company to furnish and operate spur tracks to the warehouses of its patrons. While it is its duty to carry, without discrimination, every man's goods, when delivered for carriage at its depots or warehouses, it is under no obligation to receive them for carriage elsewhere.   If any patron wishes special accommodations, he must buy them.   He can compel them only by force of some contract or in pursuance of the statute.   No doubt the burden is on the plaintiff to show affirmatively that the defendant, on one or the other ground, owed to him the duty to maintain and operate the spur track.   Unless his complaint state facts which show that the defendant owed him such duty, it is demurrable, and the demurrer was properly sustained.

The statute referred to (sec. 1802, R. S.) is as follows: " The owner of any elevator, warehouse or mill, at or near any station or terminus of any railroad, may, at his own expense, construct a railroad track from such elevator, warehouse or mill, to such railroad, and connect with the same by a switch at a point within a reasonable distance from such station or terminus, and the railroad corporation shall allow such connection.   Such side track and switch shall at all times be under the control and management of, and be kept in repair and operated for the benefit of, such owner or his assigns by such corporation; but the actual cost of so maintaining and operating the same shall be paid monthly by the owner thereof; and in case of his neglect to so pay

the same upon demand, the obligation of this section upon any such corporation shall cease until such payment be made in full." The statute contemplates that the owner of the warehouse to be accommodated shall provide his own track, and requires the railroad corporation to operate, for his benefit, the track which he has so provided. If the corporation constructs its own track to its patron's warehouse, to serve its own interest, that case is not within the terms of the statute. The statute does not require the corporation to operate its own tracks for the special or exclusive benefit of any one of its patrons; but it may operate its own track for its own benefit, and may change its use to better accommodate its own business and occasions. The evident purpose of the statute was to provide for the compulsory operation, by the corporation, of the warehouseman's own track, for the benefit of his business. It does not seek to regulate the manner in which the corporation shall maintain or operate its own tracks.

It does not appear by the complaint who constructed nor who owns this track. No facts are alleged from which such facts can be inferred. The only facts which might seem to bear on that question are that the track is in the street on which the plaintiff's warehouse fronts, and was constructed for the benefit of the owner of the warehouse. But the defendant's other tracks are in the same street, in front of the same warehouse, and were constructed for the benefit of its patrons. And, even if the defendant should have constructed this track especially for the benefit of the owner of the warehouse, that does not bring the case within the conditions of the statute, and does not establish a perpetual duty on the defendant to operate it for the benefit of that property. The improving and grading done by the plaintiff, after the track had fallen into disrepair, is of little significance; and, unless the plaintiff owned this track, there was no consideration for the defendant's alleged promise to continue to operate it

for his benefit. It could do what it would with its own, without consulting the plaintiff or asking his consent. So it is considered that, because the complaint does not show either who constructed this track or who owns it, it fails to show a case within the statute; and, for the same reason, it fails to show a consideration which would support an agreement to continue to operate the track for the plaintiff's benefit.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings according to law.