O'Sullivan, Administrator, Respondent, vs. J. S. Stearns Lumber Company, Appellant.

*September 17—October 7, 1913.*

*Master and servant: Injury: Incompetency of fellow-servant: Boy under sixteen: Circular saw on edging machine: Statute construed: Evidence: Competency: Relevancy: Harmless errors: Examination of adverse witness as expert.*

1. Sub. 2, sec. 1728a, Stats. (forbidding the employment of children under the age of sixteen years "in operating or assisting in operating or taking material from any circular or band saw, or any crosscut saw or slasher or other cutting or pressing machine, from which material is taken from behind"), is applicable to a machine for edging lumber, consisting of a shaft upon which are several revolving circular saws, with feed rollers in front and rollers behind said saws.

2. Whether the mere fact that a boy employed to keep an edging machine clear of refuse was under sixteen years old and his employment unlawful, would render the employer liable for an injury to the operator of the machine caused by the negligence of the boy, is not determined, the findings of the jury in this case that the boy was not a reasonably competent employee, that defendant knew of his incompetency, and that such incompetency was the proximate cause of the injury, being supported by the evidence.

3. The error, if any, in permitting adverse witnesses examined under sec. 4068, Stats., to testify as experts concerning the condition and operation of a machine at which plaintiff was injured, is not available to defendant on appeal, where the jury found in defendant's favor upon the question involved.

4. The question being as to the age of a minor employee, it was error to permit a municipal judge to testify as to statements made by the boy when applying for a permit to work; but such testimony in this case being very vague and substantially. agreeing with the record of the permit, the error was not prejudicial.

5. Evidence that boys were customarily employed at the rear of edging machines to keep the tables clear of refuse was not relevant upon the question whether or not the boy employed in the present instance was incompetent.

APPEAL from a judgment of the circuit court for Bayfield county: G. N. RISJORD, Circuit Judge. *Affirmed.*

*A. W. McLeod,* for the appellant.

For the respondent there was a brief by *W. P. Crawford* and *John Walsh,* and oral argument by *Mr. Walsh.*

TIMLIN, J. Upon a complaint charging, among other grounds of negligence, the failure to provide a competent employee to perform the work of keeping an edging machine clear of refuse, and the employment of one Hilmer Johnson, of immature years and judgment and lacking in skill and experience, for that purpose, the jury after trial and hearing, by special verdict, found Hilmer Johnson incompetent, which incompetency was the proximate cause of the injury in question, and that the defendant had knowledge of such incompetency at the time of the injury. The injury occurred on June 20, 1911, in consequence of a board flying back over the saws and killing the edgerman, John Pikus, plaintiff's decedent. Hilmer Johnson, examined as a witness on the part of the plaintiff, testified that at the time of trial he was seventeen years old and was sixteen when the accident happened and was fourteen when he left school, three years before the time of trial; that he was fourteen on the 8th day of March, 1910. Hilmer's mother testified that he was born August 8, 1895, and was seventeen years old on August 8, 1912. This would leave him under sixteen at the time of the injury. No

question in the special verdict expressly called for a finding of the age of Hilmer. Instructions relative to question 3, asking whether Hilmer was a reasonably competent employee, advised the jury that in making an answer they should consider the kind of work he was employed to perform, his age and experience, etc.

Sub. 2, sec. 1728a, Stats., forbids the employment of children under the age of sixteen years "in operating or assisting in operating or taking material from any circular or band saw, or any crosscut saw or slasher or other cutting or pressing machine, from which material is taken from behind." It is argued that this does not forbid employment upon an edger. The latter machine consists of a shaft on which are several revolving circular saws, with feed rollers in front and rollers behind said saws. It is argued that the words "any circular or band saw" refer solely to the large circular saw or band saw in common use for cutting logs or cants into lumber in the first instance.

Under the well known rule of construction *ejusdem generis*, "other cutting . . . machine, from which material is taken from behind" includes other circular or band saws than those specifically mentioned, and it serves to extend the scope of the words "circular saw" as first used to other implements of the same genus or family. *Lusk v. Stoughton State Bank,* 135 Wis. 311, 115 N. W. 813; *Wicker v. Comstock,* 52 Wis. 315, 9 N. W. 25; 36 Cyc. 119. Hence such employment was prohibited and illegal if the said fellow-servant of decedent was under the age of sixteen years.

The testimony of Joseph Wyczinski tended to show that Hilmer was often away from his work while the edger was running and sometimes in other parts of the mill away from the edger table, running and playing with other boys or men in the mill, also throwing bark and refuse that fell from the edger. The court improperly refused permission to cross-examine this witness, but no error is assigned on this ruling.

There is testimony which goes to the question of the competency and also to the question of notice to the employer which was given by Hilmer on cross-examination as a witness for the defendant. This is to the effect that once in a while he would take a run down the mill and the first two weeks he had a pretty good time, and finally one night the foreman, Mr. Steele, "jumped on him and gave him quite a roast, told him to get out to hell if he didn't want to work." This was shortly after he began work. There is also evidence tending to show notice or knowledge of such incompetency on the part of the employer from the age and appearance of the boy and. from the fact that his neglect of duty and antics could with reasonable diligence have been known. Soshea, superintendent, also testified: "I heard the edgermen say that he didn't attend to his business, and some one came to me and complained, and after that I watched him, but I couldn't see anything wrong." The boy's mother testified that in 1911 he was thin, short, and weakly, and really looked younger than he was. It is not necessary to decide whether the mere fact that Hilmer was under sixteen and his employment unlawful would entitle the plaintiff to recover, where the death was caused by the negligence of the boy, because the fact of nonage with other facts and circumstances also bore upon his incompetency and was considered by the jury. Their findings of incompetency and proximate cause are well supported, and the case is ruled by *Zabawa v. Oberbeck Bros. Mfg. Co.* 146 Wis. 621, 131 N. W. 826, and *Vogel v. Herzfeld-Phillipson Co.* 148 Wis. 573, 134 N. W. 141.

Detail errors relating to permitting adverse witnesses to testify as experts refer to testimony given concerning the condition and operation of the edger, upon which the jury found in defendant's favor. These rulings are therefore not available as error. Permitting the judge of the municipal court to testify as to statements made by Hilmer as to his age when applying for a permit is by the majority of the court

considered erroneous. But the testimony elicited was very vague and substantially agreed with the record of the permit as shown by the stub preserved in the judge's office, hence nonprejudicial.

It is claimed the defendant was not permitted to offer testimony as to the custom or usage of employing a hand at the rear of the edger to keep the table clear. It was not disputed or controverted that persons were employed for this purpose, but the attempt was to prove that boys were so employed. We do not see that this testimony was relevant on the question whether or not Hilmer was incompetent. The statement of appellant's attorney is, "if men generally engaged in like business under like circumstances did not employ a hand to keep the table at the rear of the edger clear of *débris*, then it was not negligence for the defendant to employ a hand for such purpose who was incompetent by reason of age or disposition, there being no testimony that the presence of such hand made the situation more dangerous." There are two interrogatories upon which this assignment of error is based. One is, what was the custom with reference to employing any person for the purpose of keeping edgings and small sticks off the table; and the other is, whether or not boys are employed for that purpose. The appellant has transposed these questions. That with reference to the employment of boys was asked first, and next with reference to the employment of any person. Objection to the first asked was properly sustained. There were persons employed in this mill for the purpose stated, and the tendency of the testimony, if relevant at all, would be to establish that the defendant unnecessarily employed this boy. This would not be relevant on the ground claimed or upon any other ground. Where no one is employed for the purpose of cleaning up, the operator of the edger cannot rely upon that being done and will conduct himself accordingly. Where one is employed, he should be of lawful age and competent. The same witness testified: "If

we didn't have the boy there it would soon fill up between the two tables, and the stuff coming down from the edger falls off between this table and the live rollers, and he is to keep this picked up with a pickeroon which he uses for that purpose and to keep the slabs from getting on the live rollers."

We discover no error sufficient to authorize the reversal of this judgment.

*By the Court.*—Judgment affirmed.