CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respond-
    ent, vs. RAILROAD COMMISSION, Appellant.

*December 8, 1915—January 11, 1916.*

*Statutes: Construction: Ditches, etc., to permit natural drainage:*
    *Duty of railway company: Enforcement: Jurisdiction of railroad*
    *commission.*

1. All the words in a statute should be given effect if possible; but
    they should be given effect according to recognized legal rules.
2. When in a statute words relating to a particular person or specific
    subject are followed by general words, the latter should be re-
    strained to persons or subjects of the same genus or family to
    which the particular person or subject belongs.
3. Thus, in sec. 1797—31, Stats. 1913 (providing that the railroad
    commission shall have power "to enforce the provisions of sec-
    tions 1797—1 to 1797—38, inclusive, as well as all other laws re-
    lating to railroads"), the words "all other laws relating to rail-
    roads" are to be restrained in accordance with the rule last
    above stated, and do not include sec. 1388b, Stats. 1913 (relating
    to the maintenance of ditches, culverts, or other outlets to per-
    mit the natural drainage of low lands over which any highway
    or road grade shall be constructed by a municipality or railway
    company).
4. The railroad commission cannot exercise judicial or legislative
    power, within the legal meaning of those terms.
5. Sec. 1388b, Stats. 1913, having conferred a new right upon the
    owners of lands therein mentioned and having provided a rem-
    edy for its enforcement, which remedy is not enforcement by
    the railroad commission, the remedy so provided is exclusive.
6. Sec. 1388b, Stats. 1913, not having come into existence until eight
    years after sec. 1797—31 was enacted, it follows that the legis-
    lature never intended by the last mentioned section to confer
    upon the railroad commission jurisdiction to enforce the pro-
    visions of sec. 1388b. [Whether the legislature could confer
    such power upon the railroad commission, is not decided.]

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

For the appellant there was a brief by the *Attorney Gen-
eral* and *Walter Drew,* deputy attorney general, and oral ar-
gument by *Mr. Drew.*

*Edward M. Smart,* for the respondent.

TIMLIN, J.   The appellant demurred to the respondent's complaint in a statutory action to set aside an order of the appellant purporting to enforce compliance with sec. 1388*b*, Stats. 1913.   The demurrer was overruled, appellant declined to answer, whereupon respondent had judgment vacating the order on the ground that said order went beyond the requirements of sec. 1388*b*, but assuming that appellant had jurisdiction to enforce the duty specified in said section. The learned circuit court concluded that the general words, "as well as all other laws relating to railroads," found in sec. 1797—31, Stats. 1913, must, under the rule of interpretation which requires that effect be given to all words in a statute, confer power on the *Railroad Commission* to enforce the requirements of sec. 1388*b* as against railroads because the latter is a law relating to railroads.   He therefore, in effect, ruled that these general words covered not only all laws relative to railroads regardless of other characteristics of such laws in force in 1905, when sec. 1797—31 was enacted, but also all laws relating to railroads which might ever afterwards be enacted.   This is quite an ambitious program for an administrative tribunal without legislative or judicial power within the historical and legal meaning of the words, judicial and legislative.   In this connection legislative power does not include rules, regulations, by-laws, or ordinances; and judicial power does not include those decisions of administrative officers or tribunals known as *quasi*-judicial.   In the doings, rather than in the sayings, of courts will this necessary distinction be observed.   *Buttfield v. Stranahan,* 192 U. S. 470, 24 Sup. Ct. 429, and cases in Rose's Notes; 4 Dec. Dig., Const. Law, §§ 59–75.

This court has shown no disposition to curtail the jurisdiction of the appellant, but has as far as possible upheld such jurisdiction and exalted the dignity and importance of that tribunal.   *Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 136 Wis. 146, 116 N. W. 905, and subsequent cita-

tions. The *Commission* is not, so far as we have observed, suffering from restriction on its jurisdiction. We should but illy uphold the trust confided to us if we upheld the *Commission* in the exercise of judicial or legislative power within the legal meaning of these terms. The enforcement of laws, in the sense of ascertaining their meaning and application to the case in hand and pronouncing judgment therein, is a judicial function; the making of laws which are of a higher grade than mere regulations, rules, or by-laws, or administrative aids to the more general provisions of statute, is a strictly legislative function. It is no impeachment of the rule that all the words of a statute should be given effect whenever possible, to give such words effect according to recognized legal rules. These rules require us, when we find in a statute words relating to a particular person or specific subject followed by general words, to restrain these general words to persons or subjects of the same genus or family to which the particular person or subject belongs. *Jensen v. State,* 60 Wis. 577, 19 N. W. 374; *State v. Goodrich,* 84 Wis. 359, 54 N. W. 577; *State ex rel. Lederer v. Inter-National Inv. Co.* 88 Wis. 512, 60 N. W. 796; *O'Sullivan v. J. S. Stearns L. Co.* 154 Wis. 467, 143 N. W. 160; *Lusk v. Stoughton State Bank,* 135 Wis. 311, 317, 115 N. W. 813.

The statutes, sec. 1797—1 to 1797—37n, relate to rates and services, to duties, in which the public are also interested, imposed upon railroads by general statutes which require or permit administrative investigation and orders supplementary to their enforcement by the courts. *Chicago, B. & Q. R. Co. v. Railroad Comm.* 152 Wis. 654, 140 N. W. 296, reversed in 237 U. S. 220, 35 Sup. Ct. 560, cited by the learned circuit judge, at least related to services in which the public were interested. Sec. 1388b is no such statute. It is therefore not within the sweep of the general words mentioned.

Again, and independent of the foregoing but leading to the same conclusion so far as this case is concerned, is the rule

that when a new right is given by statute and at the same time a remedy provided for its enforcement, such remedy is exclusive. *Saxville v. Bartlett,* 126 Wis. 655, 105 N. W. 1052; *Hall v. Hinckley,* 32 Wis. 362; *State ex rel. Cook v. Houser,* 122 Wis. 534, 595, 100 N. W. 964, and cases there cited; *Knapp v. Deer Creek, post,* p. 168, 155 N. W. 940.

It is obvious that sec. 1388*b* confers a new right on the owner of adjacent land and provides a remedy for its enforcement, which remedy is not enforcement by the *Railroad Commission.*

Again, ancillary to the two foregoing tending to the same result, is the consideration that sec. 1797—31 was enacted in 1905, while sec. 1388*b* did not come into existence until 1913. Hence it follows that the legislature never intended to confer on the *Railroad Commission* jurisdiction to enforce the provisions of sec. 1388*b*.

We do not reach the constitutional question whether the legislature could confer on the *Railroad Commission* power to enforce the provisions of sec. 1388*b*, because we are satisfied it has not attempted to do so. The demurrer should have been overruled on the ground that the *Commission* had no jurisdiction of the matter of enforcing sec. 1388*b*.

*By the Court.*—Judgment affirmed.