CHICAGO & NORTHWESTERN RAILWAY COMPANY and another, Respondents, vs. RAILROAD COMMISSION OF WISCONSIN, Appellant.

*May 4—June 5, 1923.*

*Railroads: Spur tracks: Removal by railroad: Jurisdiction of railroad commission.*

1. The jurisdiction and power of the railroad commission is purely of legislative creation, limited and defined by statute.
2. In view of the recognized distinction between trackage used for spur and side-track purposes and that used for main lines, branch lines, or extensions of railroads, where a complaining shipper is afforded a plain remedy to acquire a spur track under secs. 1797—11m and 1802, Stats., the railroad commission is without jurisdiction to order restoration of a spur track built originally by a railroad at its own expense under sec. 1831a, upon easements which it had acquired.

    CROWNHART, J., dissents.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

In 1883, upon easements for that purpose having been obtained, the two plaintiff roads built at their own expense, under the provisions of sec. 1831a, Stats., a spur track in the city of Beloit. On September 6, 1921, the further end of such spur was taken up and the ties and rails removed by the plaintiff *Chicago & Northwestern Railway Company.* On September 9th, upon application of a property owner through whose property such removed portion of the spur track had run, the *Railroad Commission* issued what purported to be an order on the *Chicago & Northwestern Railway Company* to show cause why a peremptory order should not be issued requiring the immediate restoration of said track. After a hearing an order was made September 26, 1921, requiring the *Chicago & Northwestern Railway Company,* within thirty days from that date, to restore the track so removed and to operate engines and cars upon the same in conjunction with the plaintiff *Chicago, Milwaukee*

92    SUPREME COURT OF WISCONSIN. [June

Chicago & N. W. R. Co. v. Railroad. Comm. 181 Wis. 91.

& St. Paul Railway Company. Thereupon the plaintiffs commenced this action in the circuit court for Dane county to review, vacate, and set aside such order and to restrain the enforcement of such order during the pendency of the said action.

The circuit court denied the application for a temporary injunction, and upon appeal to this court such decision was reversed and the trial court directed to grant such relief (175 Wis. 534, 185 N. W. 632).

The cause being remanded to the circuit court, a hearing was had and the court found that the order of the *Railroad Commission* of September 26, 1921, was unlawful because of want of statutory power in the *Railroad Commission* to make such order, and directed judgment vacating and setting it aside.

From the judgment so entered the defendant *Railroad Commission* appeals.

For the appellant there was a brief by the *Attorney General* and *Ralph M. Hoyt* of Milwaukee, special counsel, and oral argument by *Mr. Hoyt.*

For the respondents there was a brief by *F. W. Sargent* and *R. N. Van Doren,* both of Chicago, attorneys for the *Chicago & Northwestern Railway Company,* and *O. W. Dynes* and *J. N. Davis,* both of Chicago, and *Sanborn, Blake & Aberg* of Madison, attorneys for the *Chicago, Milwaukee & St. Paul Railway Company,* and oral argument by *Mr. Van Doren* and *Mr. John B. Sanborn.*

ESCHWEILER, J. The question expressly left undetermined because not then properly before us on the former appearance of this action, reported in 175 Wis. 534, 185 N. W. 632, where the facts are stated, is now squarely presented.

The appellant *Railroad Commission* contends in support of its order of September 26, 1921, that such was a lawful exercise of the power vested in the *Railroad Commission* to

supervise, control, and regulate the matter of service by
railroad companies in this state, and that where, as here,
though a spur track may have been originally built and
thereafter maintained at the expense of a railroad company,
yet, having once rendered service thereupon to the public
and particular shippers, such spur track became thereby sub-
ject to the supervision and control of the *Railroad Com-
mission* as much so as any part of the general railroad sys-
tem; that this order requiring the restoration of the portion
of the spur track so removed was a proper service order
rather than an order requiring the railroad, at its own ex-
pense, to build or rebuild a spur track.

It is unquestioned that the jurisdiction and power of the
*Railroad Commission* is purely of legislative creation,
limited and defined by statute. *Monroe v. Railroad Comm.*
170 Wis. 180, 187, 174 N. W. 450; *Chicago & N. W. R.
Co. v. Railroad Comm.* 162 Wis. 91, 92, 155 N. W. 941.
It is also clear that, unless this order as to a spur track can
be justified under the general power over railroad service,
it must fall.

The legislature has repeatedly recognized a distinction
between trackage used for spur or side-track purposes and
that used for main lines, branches, or extensions of rail-
roads. For instance, for the adding of extensions to or
branches of a main line or for altering the route of any such
main line, prior action by the directors of such railroad
company and the filing of certified copies of their determina-
tion in that regard with the secretary of state are prerequi-
sites (secs. 1831, 1832, Stats.). None such is required as to
any form of spur track. Again, though such spur tracks
may be dedicated to a certain extent to public use when once
put in operation as such (*Union Lime Co. v. Railroad
Comm.* 144 Wis. 523, 533, 129 N. W. 605), yet it has been
expressly held that such a public use is not the same as that
which pertains to the main line of a railroad or an exten-
sion thereof, and such limited public use is subject to the

equitable provision that, to serve additional industries, such industries shall bear their equitable share of the cost thereof. *Menasha W. W. Co. v. Railroad Comm.* 167 Wis. 19, 25, 166 N. W. 435. For general railroad service on main tracks no such condition can be imposed on a particular shipper.

This is further and particularly recognized in the case, which we deem in a large measure controlling here, of *Bartlett v. C. & N. W. R. Co.* 96 Wis. 335, 71 N. W. 598, pointing out the distinction between such special accommodations as are furnished particular shippers by spur tracks and the general common-law duties of a railroad company as to its lines dedicated to general public service to serve all alike. That case held that a spur track laid on a public highway and which was originally for the special benefit of the owner of an adjacent warehouse was not impressed, so far as the railroad company was concerned, with any perpetual duty on its part to preserve it for such particular use, and that it might be changed for main-line purposes without consequent liability for damage to the owner of such warehouse.

Furthermore, the legislature has provided three separate and materially distinct methods for the establishing or maintaining of spur-track service as it is distinguished from main-track service, namely: one where an industry within half a mile of a railroad or sidetrack may become entitled to such service by constructing at its own expense a spur track, under sec. 1802, Stats. (sec. 47, ch. 119, Laws 1872); another, the method under which this particular spur track was built, viz. by the railroad company itself at its own expense, under sec. 1831a (ch. 276, Laws 1883); and again where, upon application by an industry, the railroad company must acquire the necessary right of way and then construct a spur track to serve such industry, the industry being required to pay for the cost thereof (sec. 1797—11m, Stats.: ch. 352, Laws 1907).

The spur track in question having been built by the railroad at its own expense pursuant to sec. 1831*a, supra,* and under easements which it had acquired, stands in a substantially different position than spur trackage in which some particular industry has an interest by reason of the investment of its own funds in the construction thereof, either under sec. 1802 or sec. 1797—11*m, supra.* As to the former there is no contract or obligation on the part of the industry now complaining of this removal upon which the railroad company might rely for further business, and no express contract or equitable obligation on the part of the railroad company towards such industry to further continue to maintain such spur track. Such substantial distinction is pointed out in the case of *Detroit v. Mich. Cent. R. Co.* 156 Mich. 121, 124, 120 N. W. 593, cited with many others in L. R. A. 1915A, 555.

Under the testimony as it appeared before the *Commission* there had been a substantial if not an entire falling off of the former in-and-out traffic on so much of this spur track as was removed. There must be lodged somewhere the power and authority to determine whether such spur track should be continued or not, and in the absence at least of some positive legislative declaration to the contrary we can see no reason why such power should not be in the railroad company itself which built it. Certainly it cannot lie with an industry such as is here complaining to assert that which would in effect place it in the same situation towards this railroad spur, in which it has invested nothing, as it would be in under the express or implied contract obligation arising from its paying for a spur placed under either sec. 1802 or sec. 1797—11*m, supra.*

The trackage in question being removed by the railroad, the complaining industry is afforded a plain remedy to acquire spur-track service by a resort to either of the last above mentioned statutes.

The trial court, therefore, was clearly right in holding that there was a want of jurisdiction on the part of the *Railroad Commission* to enter the order in question.

*By the Court.*—Judgment affirmed.

CROWNHART, J. (*dissenting*).   By statute railroads are required to furnish shippers adequate service, and the *Railroad Commission* is given direct statutory supervision over rates and service of intrastate railroads and their business, and to issue orders accordingly (ch. 87, Stats.).   It has been held that a spur track built by a railroad company and used as such becomes incorporated into the general property of the railroad and is as much a part of its system as the main line.   *Union Lime Co. v. Railroad Comm.* 144 Wis. 523, 129 N. W. 605.   Hence it follows that the *Railroad Commission* had jurisdiction to order service on the spur track in question and for that purpose to order the track restored. Whether or not such an order was reasonable is not the question here.   The trial court denied the *Commission* jurisdiction to consider the matter.   In this I think the trial court was in error.

I therefore dissent, moved thereto by an appreciation of the great importance to the public of a liberal construction of the statutes giving the *Commission* power to regulate railroad rates and service in the public interest.   I see nothing inconsistent with these propositions in the cases cited by the court.