Oconto County, Appellant, vs. Union Manufacturing Company, Respondent.

*February 10—May 11, 1926.*

*Highways: Damage caused by flooding: Power company raising dam: Treble damages: Statute imposing not applicable to act authorized by legislature: Liability for actual damages: Pleading: Construction on demurrer.*

1. An electric light and power company owning and maintaining a dam pursuant to ch. 145 of the Laws of 1897 as amended by ch. 114 of the Laws of 1903 enlarged and rebuilt its dam in 1918 under permission granted by the railroad commission, and the resulting higher water level caused the overflow of a larger territory than had been theretofore overflowed, and undermined and destroyed a portion of a state trunk highway. *Held*, that sec. 86.02, Stats., imposing treble damages in case of an injury to a highway, is not applicable, as the legislature did not intend to inflict such damages where the act resulting in an injury to a highway was expressly authorized by it. p. 48.
2. All damages in excess of actual damages are punitive in character; and a statute imposing punitive damages must be strictly construed, bearing in mind the legislative object and purpose and the evil to be remedied. p. 48.

3. The complaint in an action under sec. 86.02, Stats., against the power company for treble damages to a highway from the raising of a dam is *held* to state a cause of action for actual damages, as against a demurrer on the ground that the allegation that the county was required to maintain and keep the highway in repair and fit and safe for public travel was a mere conclusion of law not admitted by demurrer. p. 51.

APPEAL from an order of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Reversed.*

The appeal is from an order sustaining defendant's demurrer to plaintiff's complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action.

The complaint, among other things, alleges the organization and existence of the plaintiff as a county of this state; the organization and existence of the defendant as a corporation, having for its objects and purposes the production and transmission of electric light and energy for both public and private use; and that since 1902 it owned and maintained a dam across the Oconto river, in the city of Oconto Falls, under and pursuant to ch. 145 of the Laws of 1897 as amended by ch. 114 of the Laws of 1903; that in 1918 permission was granted by the railroad commission of Wisconsin to the defendant to enlarge and rebuild its said dam and to maintain a higher water level, which work was completed in the fall of 1923, and that the maintenance of such higher water level resulted in the overflowing of a large amount of territory which had not been overflowed prior thereto; that such rebuilding and enlargement of the dam caused to be overflowed, undermined, and destroyed a portion of state trunk highway No. 22, for a distance of about 1,000 feet, in the city of Oconto Falls, directly east of the westerly limits of said city; that the defendant failed to repair said highway or restore it, notwithstanding due notice and request had been made by said county so to do; that plaintiff thereupon reconstructed and repaired said highway according to plans and specifications furnished by the Wis-

consin highway commission, at an expense of $2,619.98, and that upon the restoration of such highway in November, 1924, and prior to the commencement of this action, demand was made of the defendant by the plaintiff for the repayment to the plaintiff of the expense so incurred, with which demand the defendant refused to comply; that by force of the provisions of sec. 86.02 of ch. 86 of the Statutes for the year 1923 the defendant became liable to the plaintiff in treble the amount of said damages; that thereupon the plaintiff was duly authorized and directed by its county board to prosecute this action. In the prayer of the complaint the plaintiff demands judgment for treble the amount of its damages, etc.

In its decision in sustaining the demurrer the learned trial court held that the alleged cause of action in plaintiff's complaint was based upon the provisions of sec. 86.02 of the Statutes; that the overflowing of the highway was not an unlawful act, but resulted from the exercise of the enlarged powers of the defendant granted by the railroad commission; that the defendant, therefore, was guilty of no unlawful act; and that the defendant was not liable as a matter of law in treble damages.

The cause was submitted for the appellant on the brief of *John B. Chase,* district attorney of Oconto county, and *D. G. Classon* of Oconto, and for the respondent on that of *Lehner & Lehner* of Oconto Falls.

DOERFLER, J.   Sec. 86.02 of the Statutes provides: "Any person who shall injure any highway by obstructing or diverting any creek or watercourse or sluiceway, or by dragging logs or timber thereon, or by any other act, shall be liable in treble damages. . . ." In construing this statute we must "look to the whole and every part of the law, to the intent apparent from the whole, to the subject matter, to the effect and consequences, to the reason and

spirit, and thereby ascertain the ruling idea present in the legislative mind at the time of its enactment, and if that can be reasonably spelled out of its words, to give effect thereto." *Wisconsin Industrial School for Girls v. Clark County,* 103 Wis. 651, 79 N. W. 422.

The section in question is entitled "Injury to highway." The statute contains no express language basing the liability for treble damages upon a wilful or unlawful act; in other words, the statute is general in its nature. It differs, however, from the ordinary statute in that it contains a provision for treble damages, and all damages in excess of actual damages are punitive in character, "the purpose being to subject the wrongdoer to an extraordinary liability by way of punishment. Double or treble damages provided for by statute in many jurisdictions, like exemplary damages generally, are confined to cases where some element of recklessness, wantonness, wilfulness, or evil design enters into the act." 8 Ruling Case Law, p. 609, § 154. An examination of this statute makes manifest the intention of the legislature, for it prohibits, in express language, any person from injuring any highway by doing the following acts: obstructing or diverting any creek or watercourse or sluiceway. Any of these acts which result in the injury to a highway which is maintained either by the county or a municipality for the purposes of public travel constitutes an unlawful act. This is also true with respect to damages caused by "dragging logs or timber thereon." It is but reasonable to assume that, prior to the passage of the act in question, highways had been subjected to abuse by acts such as those specified in the statute, and that it was in the legislative mind when it enacted this statute to prevent such acts and abuses. A defective highway is a menace to the traveling public. By statute, counties and municipalities are required to keep highways in a proper condition of repair to promote public travel, and under certain conditions they may be held

liable for damages accruing from such defects or lack of repair.

This statute, substantially in its present form, appears in the Wisconsin Statutes for 1898, and has continued in force, with slight modifications, up to the present time. All damages above the actual damages being punitive in their nature, requires the statute to be strictly construed; and bearing in mind the object and purpose of the enactment, the evident intention which the legislature had in mind, and the evil to be remedied, it follows as a natural conclusion that the legislature did not intend an infliction of treble damages in any case where the act resulting in such damages was expressly authorized by it.

It may be true that the legislature in authorizing the raising of a dam can impose certain conditions and create certain liabilities, but such conditions have not been provided for and such liabilities have not been created by either the original act of the legislature authorizing the defendant to build a dam or by the permit granted by the railroad commission in 1918. The intent to impose such a treble liability as is herein involved cannot be inferred from the general language used in the statute. Such language must be definite and specific.

But it is contended by the learned counsel for the plaintiff that sec. 86.02 of the Statutes includes not only the obstructing or diverting of a creek or watercourse or sluiceway, or the dragging of logs or timber thereon, but that it also further includes any other act. If the obstruction of a watercourse or the dragging of logs or timber has reference to a wilful or unlawful act, then the general language of the statute following these provisions, and reading "or by any other act," under a well known rule of law must be construed as including any other act of a like or similar nature, which would mean an intentional or an unlawful act. As is

said in *Chicago & N. W. R. Co. v. Railroad Comm.* 162 Wis. 91, 155 N. W. 941:

"When in a statute words relating to a particular person or specific subject are followed by general words, the latter should be restrained to persons or subjects of the same genus or family to which the particular person or subject belongs."

In a note to sec. 1327 of the Statutes of 1898 (which is substantially the present statute known as sec. 86.02), in approving of the doctrine laid down in *Shepard v. Gates,* 50 Mich. 495, 15 N. W. 878, it is said: "The damages given are punitory, and should not be imposed in cases not clearly defined or not involving something like wilful wrong. It applies only to active injuries proceeding from *unlawful acts.* . . ."

Counsel for plaintiff, as a second proposition, argue that if the complaint does not state a good cause of action for treble damages, nevertheless a good cause of action is pleaded for actual damages. That a recovery may be had in favor of a municipality for the amount actually expended in the reconstruction and repair of a highway which has been flooded by the raising of a dam pursuant to legislative authority is held in the opinion in the case of *Marion v. Southern Wis. P. Co.* 189 Wis. 499, 208 N. W. 592. The complaint alleges that on the 31st day of October, 1918, permission was granted by the railroad commission to said defendant to enlarge and rebuild such dam and maintain a higher level of water; that such rebuilding and enlarging of said dam made unfit and unsafe for public travel state trunk highway No. 22, etc.; that it was the duty of the defendant to repair the damage to said highway; that said dam was completed in the fall of 1923, and that thereafter the damage by the overflow of the highway resulted; that the plaintiff completed the repairs of said highway on the 28th day

oi November, 1924, and that it presented a statement of the actual amount of such repairs to the defendant, which the defendant refused to pay.

Defendant's counsel argue that the allegation in the complaint which charges in general language that it was the duty of *Oconto County* to maintain and keep in repair and fit and safe for public travel said state trunk highway No. 22 is a mere conclusion of law and is therefore not admitted by the demurrer, and that therefore the complaint is defective and subject to a general demurrer. Under the liberal rules of pleading appertaining in this state, we cannot agree that the demurrer should be sustained upon this ground. In the case of *Pine Valley v. Unity,* 40 Wis. 682, 685, it was held that—

". . . The averment that he [an alleged pauper] belonged to and had a settlement in the appellant town is a sufficient averment of a lawful settlement; the averment that the respondent duly notified the appellant is a sufficient averment of legal notice in all respects; and the averment that the indebtedness accrued to the respondent against the appellant, for things furnished to the pauper, is a sufficient averment that the respondent incurred the expenses."

In 21 Ruling Case Law, 445, it is said:

"It is unnecessary to plead or prove what the law presumes. Therefore, a pleading which avers facts from which the law presumes another fact sufficiently pleads that other fact."

In *Griswold v. Gallup,* 22 Conn. 208, it is said:

"To sustain an action for damages resulting from the neglect to perform some duty required either by the common law or by a public statute, it is not necessary to aver in the declaration the manner in which that duty is imposed."

In *Read v. Chelmsford,* 16 Pick. (33 Mass.) 128, 130, it is said:

"It is in the first place objected that the declaration is defective in not stating that the town was bound by law to

maintain and repair the highway where the accident happened, at the time of the injury complained of. It is, however, averred generally that the town is 'by law bound to keep the highway in repair, and in a state safe and convenient for traveling,' which is sufficient."

See, also, *Milwaukee Trust Co. v. Van Valkenburgh,* 132 Wis. 638, 112 N. W. 1083; *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921; *Miles v. Mutual Reserve F. L. Asso.* 108 Wis. 421, 84 N. W. 159; *Kliefoth v. Northwestern Iron Co.* 98 Wis. 495, 74 N. W. 356; *Schmidt v. Joint School Dist.* 146 Wis. 635, 132 N. W. 583; *Prentice v. Nelson,* 134 Wis. 456, 114 N. W. 830; *South Milwaukee Co. v. Murphy,* 112 Wis. 614, 88 N. W. 583.

State trunk highway No. 22 was created under the provisions of the statutes, and the liability to keep such highway in repair springs from a statutory provision. The time when the liability begins is based both upon the statutory provision and upon proceedings provided for by statute, all of which are matters of public record.

Under these circumstances, resolving every reasonable intendment in favor of the pleader, as we must do under our liberal rules of pleading, and under the authorities cited, we are persuaded that the allegations in the pleading in the form as above set forth are not subject to attack by general demurrer. If under the allegations of the complaint the plaintiff is entitled to some relief, then the pleading is not subject to demurrer. In the instant case our ruling is that if the plaintiff can substantiate its allegations it is entitled to actual damages.

*By the Court.*—The order of the lower court is reversed, and the cause is remanded with directions for further proceedings in accordance with law.

ESCHWEILER, J., dissents.