LAWVER and another, Administrators, Respondents, vs.
LYNCH and wife, Appellants.

*May 10—October 12, 1926.*

*Executors and administrators: Actions by and against: Foreign
executors: Pleading: Presumptions: As to appointment of
executor: As to residence of deceased: When demurrer lies:
Motion to make more definite and certain.*

1. An executor or administrator appointed by a court within this
   state is not required to comply with any conditions before
   being authorized to prosecute or defend actions. p. 101.
2. Where a pleader, in an action in a court in this state, alleges
   the appointment of an executor or administrator, the pre-
   sumption arises that the appointment was in a court within
   this state and that the deceased was a resident of this state.
   p. 101.
3. Where objections are raised to a pleading which may be rem-
   edied by a motion to make more definite and certain, a de-
   murrer will not lie. p. 101.
4. A complaint in a mortgage foreclosure alleging that the plaint-
   iffs were the administrators of the estate of one L., now de-
   ceased, is not demurrable for failing to state whether the
   deceased was a resident of the state or that proceedings for
   the administration of the estate were had in a court of com-
   petent jurisdiction which had appointed plaintiffs, since such
   defects could have been remedied by a motion to make the
   complaint more definite and certain. p. 102.

APPEAL from an order of the circuit court for Green
county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The appeal is from an order overruling the defendants'
demurrer to the plaintiffs' complaint.

For the appellants the cause was submitted on the brief
of *J. M. Becker* of Monroe.

For the respondents there was a brief by *Sam Blum* and
*Bruce M. Blum* of Monroe, attorneys, and *Louis F. Rein-
hold* of Freeport, Illinois, of counsel, and oral argument by
*Bruce M. Blum.*

DOERFLER, J.    Plaintiffs bring this action as administrators of the estate of George Lawver, deceased, to foreclose a certain mortgage owned by said Lawver during his lifetime.    The complaint alleges, among other things, "that the said plaintiffs are the administrators of the estate of said George Lawver, now deceased."    The demurrer interposed to the complaint raises the sole issue whether the allegation above quoted in the complaint meets the legal requirements under our system of Code pleading, so as to make it invulnerable from attack by demurrer.

The complaint fails to allege whether the deceased at the time of his death was a resident or nonresident of Wisconsin; nor does it contain an allegation that proceedings were had for the administration of the estate of the deceased in a court of competent jurisdiction in this state or in a court of foreign jurisdiction, or that letters of administration were issued to the plaintiffs by any such court.

Executors and administrators are authorized to prosecute or defend actions in this state.    Sec. 287.16 of the Statutes authorizes an executor or administrator appointed in a foreign jurisdiction, and where no executor or administrator shall have been appointed in this state, upon filing his original appointment or a copy thereof duly authenticated as required to make the same receivable in evidence in any county court in this state, to prosecute or defend any action or proceeding relating to said estate, the same as an executor or administrator duly appointed by a court in this state. This clearly indicates that a foreign executor or administrator is given certain rights in the prosecution or defense of actions in this state, provided, first, that no executor or administrator shall have been appointed in this state, and second, where he shall have filed his original appointment or a copy thereof duly authenticated, as required by sec. 287.16.

Sec. 328.32 provides that "Whenever a plaintiff shall sue as an executor, administrator, guardian or trustee and shall allege in his complaint his due appointment as such, and, if appointed in another state or foreign country, the filing or recording of the authenticated copy of his appointment, as required by the laws of this state, such allegations shall be taken as true unless specifically denied by the defendant by his answer duly verified." The effect of this statute is to create certain results as to proofs where allegations are contained in the pleadings and are not specifically denied in the answer; otherwise this statute has no bearing upon the issue presented herein. While sec. 287.16 apparently requires a compliance with certain conditions precedent before a foreign executor or administrator can prosecute or defend an action in this state, no conditions are required of an executor or administrator appointed by a court of this state, except that he be an executor or administrator. The specific requirement in the statute as to representatives of one class, and the absence of requirements as to the other class, is persuasive of the legislative intent. Where a pleader in an action in a court in this state alleges the appointment of an executor or administrator, the presumption would naturally be that the appointment resulted from proceedings taken in a court in this state, and that such executor or administrator functioned as such for a deceased resident of this state.

Where objections are raised to a pleading which may be remedied by a motion to make more definite and certain, a demurrer will not lie. The reasons for this rule can readily be perceived. The order entered upon such a motion is not an appealable order, and the case then proceeds under such ruling to final judgment. An order sustaining or overruling a demurrer constitutes an appealable order. The law favors an early and final disposition of litigation,

and, in fact, such is in accordance with the entire spirit of the system of Code pleading.   This has manifested itself by the general provisions of the statutes, which require a liberal construction of pleadings, and the decisions of this and other courts have consistently manifested a progressive spirit in this direction.   However much we may admire the old system of common-law pleadings which has obtained for centuries and under which the subject of pleading was developed as a science, and regardless of our admiration for the modern pleader who still adheres to the old school, we cannot ignore the broad and liberal spirit of the Code.   It may be also true that some of the early decisions after the adoption of the Code indicate a disposition to adhere to many of the formalities of that early system. That is but natural, for it is difficult for human nature to break away from accustomed landmarks which pleaders have for many years observed.   A liberal rule of pleading was adopted with reference to the complaint in the case of *Oconto County v. Union Mfg. Co.* 190 Wis. 44, 208 N. W. 989, and the reasons for the view taken in that case are set forth in the opinion, where numerous authorities are cited and referred to.

We therefore conclude that the demurrer in this case was properly overruled and that the order appealed from must be affirmed.   The action herein involves the foreclosure of a mortgage for $20,000.   The interposition of the demurrer and the appeal from the order have operated to delay judgment for a period of about a year.   Assuming that the defendants had a proper ground for demurrer, the wisdom of the course pursued, under the facts and circumstances of this case, is extremely doubtful.   Lawyers are officers of the court, and in the performance of their duties are charged with a dual function: first, to aid in the administration of justice; and second, to properly represent

Lawver v. Lynch, 191 Wis. 99.

the interests of their clients. Under the oath of office which an attorney is required to take at the present time, the interposition of mere technical objections to secure delay is no longer sanctionable, because it is now well recognized and understood that in order to avoid criticism of the public towards unnecessary protracted delays in the administration of justice, that course must be pursued which will result in the swiftest administration of justice consistent with the rights of the litigants.

The complaint herein is not a model pleading. In the usual practice pursued by the profession, a complaint of this kind contains an allegation with respect to the residence of the deceased at the time of his death; also that upon due application made to a court of competent jurisdiction the court appointed the executor or administrator; that he qualified as such, and that letters testamentary or of administration were thereupon duly issued. Where suit is brought by a foreign executor or administrator, the necessary facts are alleged to qualify such representative to either prosecute or defend an action in this state. Allegations like those referred to avoid the necessity of a motion to make more definite and certain. So that plaintiffs in this case, bringing an action to foreclose a mortgage of $20,000, in order to avoid the delay resulting from the interposition of the demurrer and the appeal could have, with little trouble and expense, so amended their pleadings as to insure the earliest final disposition of the action.

The remarks herein are directed in a kindly spirit towards the profession, in order that there may be a fuller and greater co-operation between the bench and bar, to the end that the primary object of litigation may be accomplished, viz. the administration of justice.

*By the Court.*—Order affirmed.