STATE EX REL. THIEME, Petitioner, vs. GREGORY, Circuit Judge, Respondent.

*September 20—October 14, 1930.*

The cause was submitted for the petitioner on the brief of *Hammersley & Torke* of Milwaukee, and for the defendant on that of *Thomas A. Manning,* attorney, and *Norman R. Klug* of counsel, both of Milwaukee.

FAIRCHILD, J.    The petitioner and C. J. O'Brien were candidates for the office of city attorney of South Milwaukee.    The board of canvassers declared petitioner elected. A recount was demanded.    The board reconvened, recounted the ballots, and again declared petitioner elected.    O'Brien attempted to appeal to the circuit court for Milwaukee county but was unable to serve the petitioner personally with notice.    He did, however, serve the notice upon his wife and upon Mr. Hammersley, who had appeared for petitioner at the time of the recount.    When the matter was called in the circuit court petitioner appeared specially and objected to the jurisdiction of the court for the reason that the notice of appeal had not been served as required by

law. The court overruled the objection and determined from the written records and proof of service produced in relation to the appeal that the service so made was ample, good, and sufficient in law.

Because of the conclusion reached it is unnecessary to consider the questions raised as to whether or not petitioner has chosen the proper remedy.

The parties are controlled here by sec. 6.66, Stats., which prescribes the method of review before the board, and of an appeal from its determination to the circuit court. The petitioner insists that personal service of the notice of appeal is required, as against the ruling of the circuit court that service in the same manner as a summons in a court of record is sufficient. This statute, sec. 6.66, provides in sub. (1) that the petition for recount may be served "as a summons is served in a court of record." In sub. (3) thereof, where the appeal is provided, there is provision that the candidate aggrieved "may appeal therefrom to the circuit court of said county by serving a notice in writing to that effect upon such other candidates." The proceedings are started by a service in the manner of a summons. When the matter is taken from the board of canvassers to the circuit court by appeal it is to be done by a notice in writing to be served on such other candidates. In this portion of the statute the words "as a summons is served" are not repeated. Upon this petitioner bases his objection to the jurisdiction of the circuit court.

The notice was given by service of it as a summons is served. Is this sufficient? A mere change in phraseology in a later part of the statute from more particular and definite language used in an earlier subdivision but relating to the serving of papers will not be deemed to require a different method of service from that which was first and particularly described unless it appears that such was the intention of the legislature. Many cases may be cited to

the general proposition that words of a statute will be enlarged or restrained in their meaning so as to carry out the manifest intent of the legislature. *State ex rel. McGrael v. Phelps,* 144 Wis. 1, 8, 128 N. W. 1041; *Weiberg v. Kellogg,* 188 Wis. 97, 106, 205 N. W. 896; *Application of Milwaukee Chapter, Izaak Walton League,* 194 Wis. 437, 440, 216 N. W. 493; 2 Lewis' Sutherland, Statutory Construction, § 381. "When the words are not explicit the intention is to be collected from the context; from the occasion and necessity of the law; from the mischief felt, and the objects and the remedy in view." 1 Kent's Comm. *462.

We hold that sec. 6.66 (3) permits service of the written notice in the manner provided by law for the service of a summons in a court of record. This method particularly prescribed in sub. (1) of this section, for serving the petition for a recount, characterizes the service of papers and notice in taking the matter from the board into the circuit court. The effect of any other construction would be to make this law less efficient than the legislature intended it to be.

The rulings of the circuit court being in accordance with law, it follows that the petition does not state a cause of action entitling petitioner to the relief prayed for.

*By the Court.*—Judgment is ordered denying the peremptory writ of *mandamus.*