Town of Thornapple and others, Appellants, vs. Calla-han, State Superintendent of Public Instruction, Respondent.

*November 10—December 7, 1943.*

*Samuel Goodsitt* of Ladysmith, for the appellants.

For the respondent there was a brief by the *Attorney General, James Ward Rector,* deputy attorney general, and *Beatrice Lampert,* assistant attorney general, and oral argument by *Mrs. Lampert.*

BARLOW, J. On April 25, 1942, the state superintendent of public instruction made separate orders dissolving School Dis-

tricts Nos. 5, 6, 10, and 12 of the town of Thornapple, Rusk county, Wisconsin, and attaching the territory to School District No. 4 of said town of Thornapple, the orders to be effective June 30, 1942.

Further orders were made dissolving School Districts Nos. 9 and 11, but the order affecting District No. 11 was later vacated, and the order affecting District No. 9 was adjudged void and of no effect by the lower court, from which no appeal was taken. Reference is made to these orders for reasons which will appear later in this opinion.

It is conceded that all the districts involved in this appeal are contiguous to School District No. 4 to which they were attached, and that they have a valuation of less than $100,000 unless the valuation of public-utility property in District No. 12 is to be added to the assessment as fixed by the board of review.

The state superintendent of public instruction proceeded on his own motion to dissolve the districts in question and attach them to an adjoining district under the provisions of sec. 40.30 (1), Stats., the material part of which is as follows:

"The state superintendent is authorized, on his own motion, by order to attach districts with valuations of less than one hundred thousand dollars to contiguous districts."

It is contended that the provision is so indefinite as to what is meant by the word "valuations" as to render the statute uncertain and void, and that in any event the order abolishing District No. 12 is void for the reason that the valuation, including the public-utility property, exceeds the sum of $100,000. Sec. 40.30, Stats., has reference to the creation, alteration, consolidation, and dissolution of school districts generally, and the third sentence of sub. (1), which is the same subsection in which the word "valuations" is used, provides in part as follows:

"no district shall be created having less than one hundred fifty thousand dollars of *taxable property as shown by the last assessment roll.*"

Thus it follows that in the same paragraph of sec. 40.30 (1), Stats., the words *"taxable property as shown by the last assessment roll"* are used with reference to the creation of new school districts, and the word *"valuations"* is used with reference to the dissolution and attachment of lands to contiguous school districts. The rule applicable here was stated in *Chicago & N. W. R. Co. v. Railroad Comm.* (1916) 162 Wis. 91, 93, 155 N. W. 941, as follows:

"It is no impeachment of the rule that all the words of a statute should be given effect whenever possible, to give such words effect according to recognized legal rules. These rules require us, when we find in a statute words relating to a particular person or specific subject followed by general words, to restrain these general words to persons or subjects of the same genus or family to which the particular person or subject belongs. *Jensen v. State,* 60 Wis. 577, 19 N. W. 374; *State v. Goodrich,* 84 Wis. 359, 54 N. W. 577; *State ex rel. Lederer v. Inter-National Inv. Co.* 88 Wis. 512, 60 N. W. 796; *O'Sullivan v. J. S. Stearns L. Co.* 154 Wis. 467, 143 N. W. 160; *Lusk v. Stoughton State Bank,* 135 Wis. 311, 317, 115 N. W. 813." See also *State ex rel. Thieme v. Gregory* (1930), 202 Wis. 326, 232 N. W. 546; *Milwaukee v. Kassen* (1931), 203 Wis. 383, 234 N. W. 352.

Taxable property is the main source of revenue for school districts, and it is evident that the purpose of this legislation was to establish districts with sufficient taxable property to produce necessary funds to properly finance a school. We hold that the use of the word "valuations" in this statute is not indefinite and uncertain.

Utility property within a school district cannot be considered in determining the valuation of a school district for the purpose of determining whether a district can be dissolved

and attached to a contiguous district under the provisions of sec. 40.30 (1), Stats. Utility property is defined as special property by sec. 76.02 (12), and is exempt from all general taxes by sec. 76.23. Such property is declared to be personal property with its situs at the capitol of the state by sec. 76.03 (3), and is subject to assessment and taxation only as provided in ch. 76 of the statutes.

On May 18, 1942, the town board of the town of Thornapple adopted a resolution, the material part of which is as follows:

"Resolved by the town board of the town of Thornapple, Rusk county, Wisconsin, that the boundaries of School Districts Nos. 5, 6, 9, 10, 11 and 12, in said town be and remain as the same are now of record."

It is urged that this action of the town board renders the order of the state superintendent of public instruction void. Such action does not have that effect, for, (1) it is not taken pursuant to any statutory power; and (2) the board's action is subject and subordinate to the state superintendent's order. See *School Dist. v. Callahan* (1941), 237 Wis. 560; 297 N. W. 407.

Appellant generally attacks the constitutionality of sec. 40.30 (1), Stats., and further contends that the orders of the state superintendent of public instruction are void for the reason that they do not contain a statement of jurisdictional facts. It is also contended that the superintendent proceeded arbitrarily and in unlawful abuse of authority, and to support this contention, appellant makes reference to the order dissolving School District No. 11, which was rescinded when it was discovered its total valuation exceeded $100,000, and the order dissolving School District No. 9 and attaching it to School District No. 4, when it was not contiguous to said district at the time the order was dated. These questions were all fully discussed and decided in *School Dist. v. Callahan, supra*, and the conclusions there set out are approved.

*By the Court.*—Judgment affirmed.